FULLER BROTHERS TOLL LUMBER AND BOX COMPANY, Respondents, v. FIDELITY & CASUALTY COMPANY, of New York, Appellant.

Kansas City Court of Appeals, May 5, 1902.

Employee's Insurance: CONSTRUCTION OF POLICY: EVIDENCE: ACTS OF PARTIES: LIMITING LIABILITY. A policy indemnifying an employer against his liability for damages on account of bodily injuries to his employees while on duty within the factory, mentioned in the attached schedule, etc., is on the evidence and the acts of the parties *held* to cover damages to employees caused by an elevator, although such elevator was not mentioned in the attached blank schedule and a special stipulation limiting the insurer's liability required such mention.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates, Judge.*

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellants.

The judgment should have been for the defendant and the court erred in giving a peremptory instruction to find for the plaintiff, for the reason that under the policy contract and the undisputed evidence, there was no liability on the part of the defendant in that the policy of indemnity did not cover accidents or injuries happening while riding on an elevator. Prendergast v. Ins. Co., 67 Mo. App. 429; Miss. v. Wheelihan, 68 N. W. 878; Piano Co. v. Wallace, 84 Mo. App. 378; Glass v. Fraternal Ass'n, 112 Fed. 495; Atkins v. Van Buren, 77 Ind. 447; Pepper v. Harris, 73 N. C. 365.

*Arthur F. Smith* and *Frank Hagerman* for respondents.

(1) Judgment was properly directed for the plaintiff. (2) Rules by which this exception should be construed: (a) The most liberal construction is indulged to the insured. Brown v. Assurance Co., 45 Mo. 221; La Force v. Ins. Co., 43 Mo. App. 518; Etherington v. Ins. Co., 55 Mo. App. 129; Hale v. Ins. Co., 46 Mo. App. 508, 511; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301. Burnett v. Ins. Co., 68 Mo. App. 343; Norman v. Ins. Co., 74 Mo. App. 456. (b) That written terms prevail over printed conditions is a general rule of law. Mascott v. Ins. Co., 69 Vt. 116; s. c., 37 Atl. Rep. 255; 16 Am. and Eng. Ency. of Law (2 Ed.), 864.

SMITH, P. J.—This is an action which was based on an employee's liability policy issued by defendant, an incorporated insurance company, to the plaintiff, also a business corporation. The provisions of the policy with which we have to

do in reviewing the case now before us are to the effect that the defendant agreed to indemnify the plaintiff "against . . . liability for damages on account of bodily injuries . . . suffered by any employee or employees of the assured while on duty within the factory . . . mentioned in the schedule hereinafter given . . . resulting from the operation of the trade or business described in the said schedule . . . The premium is based on the wages to be expended by the assured during the period of this policy. If the wages actually paid exceed the sum stated in the schedule hereinafter given, the assured shall pay the additional premium earned; if less than the sum stated, the company will return to the assured the unearned premium, pro rata . . . The statements contained in the schedule hereinafter given are hereby made a part of this contract. . . ."

The schedule referred to in the preceding extract is as follows:

"1. Name of Employer: *Fuller Bros. Toll Lumber & Box Co.* 2. Address of Employer: *Kansas City, Kans.* 3. The location of all factories, shops or yards are given below. *Kansas avenue and Adams street.* 4. Trade or business is *Box Factory.* 5. The operations are those usual to the trade or kind of business described above, except as follows: . . . 6. No power is used, except as follows: *Steam.* 7. There are three boilers. Their type is H. Y. Their age is . . . 8. There are . . . elevators. Their type is . . . 9. The maker's name is . . . 12. The estimated payroll includes the wages of all executive officers, office men, pieceworkers employed in the factories or shops and all other employees, drivers included, except as follows: *drivers included —no officers.* . . . 16. The estimated average number of employees in each class or occupation; the estimated average annual wages in each description or class are given in the following list:

Fuller Brothers v. Fidelity & Casualty Co.

"THE EMPLOYEES.

| Description of Occupation. | Estim'd Avg. No. | Estim'd total an- n'l w'ges | Places where shops, facto- ries or yards are located. | Rmks. |
|---|---|---|---|---|
| On all employees engaged in and about the box fac- tory. | | | Kansas ave- nue and Adams Street, Kansas City, Kansas. | |

17. The total expenditure for wages for the last calendar year ended December 31, 1898, was *about fifty thousand dollars or less*. 18. The estimated expenditure for wages for the term of this policy is *fifty thousand dollars*. The premium is eighty cents for each $100 of wages."

Among the special agreements contained in the policy was the following: "B. This policy does not cover loss from liability for injuries, as aforesaid, caused by or happening in or about any elevator plant, or by the explosion, collapse or rupture of steam boilers, unless such elevator plant and boilers are enumerated in the schedule hereinafter given, nor for injuries to or caused by drivers, horses or vehicles, nor for injuries to or caused by any person unless his wages are included in the estimated wages hereinafter set forth, and he is engaged, at the time of the accident, in an occupation hereinafter described."

The plaintiff was engaged in operating a wooden box manufactory. One Hobart was an employee of plaintiff at its factory, and while there performing the duties of his employment he was hurt by the fall of an elevator. He sued the plaintiff for the injury and recovered judgment, which was subsequently satisfied by the latter. The plaintiff here claims that under the policy, it is entitled to be indemnified against

this loss.    The defendant insists that as Hobart's injuries happened about an elevator of the plaintiff's factory, and as such elevator was not enumerated in the schedule, as required by paragraph B. of the contract, there is no liability on the policy.

It is apparent from the terms employed in the ensuing clause and the schedule of the policy that the contract thus resulting entitles the plaintiff to indemnity against liability for any injury suffered by any one or all of its employees while on duty within its factory, no difference whether or not engaged in or about its engines, boilers or elevators.    The contract to indemnify plaintiff was about as broad and comprehensive as language could well make it.    On the face of the contract, and from the conceded facts of the case, the plaintiff was entitled to the indemnity accorded him by the judgment of the court, unless owing to some collateral fact or matter he was precluded.

The defendant contends that as Hobart was injured while engaged in the performance of his duties in or about an elevator in use in plaintiff's factory, and as said elevator was not enumerated in said schedule as required by paragraph B. of the contract, that the injury was not covered by the policy. It is clear that the defendant would be liable but for this exception, which was a limitation on the defendant's liability. If the defendant cared to restrict or limit its general undertaking, it could, of course, do so by inserting therein appropriate provision for that purpose.    But such provisions, whether inserted or left out, would in no way effect the validity of the contract.

It appears that in the present case the defendant's general agent, Rush, took upon himself the performance of the duty of writing out the plaintiff's application.    He was familiar with the plaintiff's factory; he knew there were elevators there, and the use to which they were put.    If he had desired to limit or restrict the defendant's liability in any way, he

could have done so in writing the application and the policy. While the policy, as printed, provided that it was not to cover loss from liability for injuries happening about an elevator plant, unless such elevator was enumerated in the schedule, the defendant's general agent, in filling up the blank schedule, omitted to make any enumeration or specification of the elevators in the factory, and thus waived and dispensed with the requirement that the elevators should be enumerated in the schedule. The defendant had the right, by its waiver, to strike from the policy any of its exceptions. If the defendant chose to exempt the plaintiff from this requirement of the policy, it could certainly do so. As the defendant's general agent in writing the application, not for plaintiff but for his company, necessarily inserted in it every requirement, exception and condition that he cared to have embodied in the contract, and as, in doing so, he omitted that requiring the enumeration of the elevators, it must be presumed that he intended to waive compliance with it. In such case the company ought not to be heard to claim that it is not liable because of the absence of the enumeration of the elevator plant in the schedule. Upon principle and authority this seems to us to be so. Thomas v. Ins. Co., 20 Mo. App. 156 ; Roberts v. Ins. Co., 26 Mo. App. 92 ; Parsons v. Ins. Co., 132 Mo. 583, and cases there cited.·

The practice of the parties to the contract in issue, in the present case, affords an ample basis on which to rest the construction that injuries suffered by employees of plaintiff happening to them while in the performance of their duty in or about the elevator plant, were covered by it. Defendant knew there were elevators used in the plaintiff's factory, because in the policy written by defendant in 1897 they were enumerated therein, and that liability for injuries received by the plaintiff's employees on such elevator during the time covered by said policy, were assumed by defendant. Defendant's general agent undertook to fill up the blanks in the applica-

tion.    He inquired of plaintiff's agent for a description of the boilers, but said nothing as to the elevators.    He was told by plaintiff's agent that he wanted everything in the factory covered.    Yet in filling the blanks in the schedule, he made no enumeration of the elevators.    The irresistible inference to be drawn from this is, in view of the fact that he had written in the schedule the words "on all employees engaged in the factory" that he did not think it required to enumerate such elevators therein in order to give the plaintiff the full and complete indemnity required.

It appears that plaintiff's agent told the defendant's general agent that he wanted the policy to cover everything except teamsters and that the latter then told him that for the premium he was paying the policy would do that, and that with this understanding it was accepted by plaintiff.    That the defendant so understood and construed the policy, is made clear from the following facts, viz.: in June 1899, one Goza, an employee, was hurt by this same elevator, and a written report of the accident was made to defendant.    Later on the defendant assumed charge and wrote a letter saying that it had investigated the matter.    When in the present case the defendant claimed there was no liability because the injury happened on an elevator, the plaintiff wrote to defendant expressing its surprise, because no such contention had been made when Goza was hurt a few months previously.   The defendant then wrote that "upon *further* examination of the Goza case the same should not have been treated as covered, as we note that the accident occurred through the operation of your elevator."

We are thus furnished with the undubitable evidence of the meaning the defendant assigned to the policy.    As said in Gas Light Co. v. St. Louis, 46 Mo. 121:   "In a case of that kind, whose interpretation should prevail ?    If the court gives one differing from that understood by the parties, it, in effect, makes a new contract—the very thing most to be avoided.

If it leaves the parties to be governed by their understanding of their own language, it in effect enforces the contract actually made. That they should be so permitted to construe their own agreement, accords with every principle of reason and justice." It is obvious from the acts and declarations of the parties, that they understood the policy to cover the liability of plaintiff to its employees for injuries suffered by them while engaged in work in or about its elevators, and that being so, it becomes our duty to adopt that understanding as the proper guide to its meaning. 2 Wharton on Contr., sec. 653; Depot Co. v. Railroad, 131 Mo. 291; Patterson v. Camden, 25 Mo. 13; Scott v. Scott, 95 Mo. 300.

It would seem that the defendant, by the contention made here, is departing from the construction, which it must be conceded, it had placed upon the policy prior to the time Hobart was injured, and whether or not the number of the injuries since happening on the plaintiff's elevators has had anything to do with influencing that departure, of course we can not tell. We have no doubt that the parties understood that the policy, as written, covered every injury for which plaintiff would be liable, happening to its employees, without reference to the kind of work, or the place in plaintiff's factory in which it was performed. The colloquies between the agent of the plaintiff and the general agent of defendant in respect to the issue of the policy, and what it was to cover, satisfies us that the parties supposed that, as issued, it gave to the plaintiff, as its agent expressed it, "protection against everything."

And such being the construction of the parties themselves, we see no reason why we should adopt a different construction. The action of the trial court in its action in admitting and rejecting testimony, was not erroneous, or if so, it was not harmful to the defendant on the merits.

The judgment will be affirmed. All concur.