CASNER, Appellant, v. NEW AMSTERDAM CAS-
UALTY COMPANY, Respondent.

St. Louis Court of Appeals, November 28, 1905.

INSURANCE: Designation of Property Insured. A policy of insur-
ance against loss by burglary and theft contained a schedule
of insurable articles with blanks to fill indicating the value
of the particular articles insured and the premium paid there-
for.   Opposite the enumeration of jewelry, money, etc., was
written the amount of the insurance with the premium paid.
Another item of the schedule, providing for articles contained
in a safe on the premises, was left blank.  A burglar entered
the residence of the insured, broke open the safe and took some
jewelry and money.  Held: the property taken was covered by
the terms of the policy.

Appeal from St. Louis City Circuit Court.—*Hon. Moses
N. Sale,* Judge.

REVERSED AND REMANDED.

*Virgil Rule* for appellant.

This insurance was for loss occasioned by the fel-
onious abstraction of any of the property described in
the "Schedule" attached, if taken from the interior of
the house, No. 3125 Laclede avenue, St. Louis, while
actually occupied by Dora Casner, whether taken by an
employee or any other person.  "Jewelry" and "money"
were described in the "Schedule;" they were feloniously
abstracted from the interior of the premises.   They were
therefore covered by the policy.   The fact that a printed
blank form was attached to the policy respecting insur-
ance on property contained in a safe, did not, and was
not intended by the parties, to relieve the company be-
cause of the absence of the enumeration of property con-
tained in the safe in the schedule.   Fuller Brothers v.
Fidelity Co., 94 Mo. App. 495.  (a) The contract should

be liberally construed against the insured and strictly against the company. Brown v. Assurance Co., 45 Mo. 221; La Force v. Ins. Co., 43 Mo. App. 518; Etherington v. Ins. Co., 55 Mo. App. 129; Hale v. Ins. Co., 46 Mo. App. 508; Hoffman v. Ins. Co., 56 Mo. App. 301; Burnett v. Ins. Co., 68 Mo. App. 343; Norman v. Ins. Co., 74 Mo. App. 456; Rodson v. Ins. Co., 100 N. W. 381; Ins. Co. v. Excelsior, 75 Pac. 423; Howerton v. Ins. Co., 80 S. W. 427. (b) So as not to defeat, without plain necessity, the insured's claim to the indemnity which in making the insurance it was his object to secure. Ins. Co. v. Humphrey, 100 Ill. App. 246, 69 N. E. 875.

*Ellebe & Ellebe* and *Jones, Jones & Hocker* for respondent.

An insurance policy, like any other contract, is to be construed according to its terms and only when there is doubt or ambiguity as to the meaning of its terms in an interpretation unfavorable to the company issuing the policy to be given to it. Robertson v. French, 4 East 135; Clay v. Ins. Co., 97 Ga. 44; Ins. Co. v. Eddy, 49 Ill. 106; Furniture Co. v. Ins. Co., 17 Mo. App. 627; Ripley v. Ins. Co., 30 N. Y. 136; Ins. Co. v. Marshall, 29 Vt. 23; Bradley v. Ins. Co., 3 La. Ann. 708; Savage v. Ins. Co., 44 How. Pr. 40; Bush v. Watkins, 14 Beav. 425; Railway v. Bartlett, 120 Ill. 603; Decorah v. Kesselmeier, 45 Iowa 166; Vary v. Shea, 36 Mich. 388; Barhydt v. Ellis, 45 N. Y. 107; Ins. Co. v. Roost, 55 Ohio St. 581; Heywood v. Perrin, 10 Pick. 228.

STATEMENT.—This action was on a policy of insurance by which the defendant company agreed to indemnify the plaintiff against the loss of certain designated property by burglary and theft. The contract of insurance was prepared by filling out blanks of a printed form in use by the defendant. The portions of the policy material to the appeal read as follows:

"No. B 53,895.

NEW AMSTERDAM CASUALTY COMPANY.

In consideration of twelve and 50-100 dollars ($12.50) premium, and of the statements contained in the schedule attached hereto and hereby made a part hereof, which statements the assured makes on the acceptance of this policy and warrants to be true, the New Amsterdam Casualty Company (herein called the company) does hereby agree to indemnify Mrs. Dora Casner of St. Louis, county of ———————, State of Missouri (herein called the assured) for the term of twelve months, beginning on the 19th day of November, 1903, at noon, and ending on the 19th day of November, 1904, at noon, standard time, at the place where this policy has been countersigned, subject to the following special and general agreements, which are to be construed as co-ordinate as conditions:

"(The following is a rider attached to the policy):

"For direct loss by burglary, theft or larceny of any property described in the said schedule and stated therein to be insured hereunder occasioned by its felonious abstraction from the interior of the house, building, apartments or rooms actually occupied by the assured, also described in the said schedule and hereinafter called premises, by any domestic servant or other employee of the assured or by any person or persons, and

For direct loss by damage to said property and to the said premises caused by any person while in or upon the said premises for purposes of burglary, theft or larceny.

SPECIAL AGREEMENTS.

"(a) The company's liability is limited to the several specific amounts stated in Clause No. 12 of the said schedule and subject to such limits as respects each item, the total liability of the company hereunder is limited to one thousand dollars ($1,000).

"(b)   The company shall not be liable for loss: (1) if the property does not belong to the assured or to a member of his family residing with him or to a person residing with the family who does not pay board or rent; (2) if the premises are left without an occupant for more than six consecutive months without written permission for a further period of non-occupancy indorsed hereon and signed by an officer of the company at the home office; (3) of money or securities for money, of coin collections, stamp collections, medals, manuscript, plans, patterns, models, molds or designs, deeds, documents of title to property and business books, unless the same are specifically mentioned in the said schedule, and then only for an amount not exceeding $50.

"(c)   If the assured is the occupant of an apartment or flat house this insurance covers goods in a locked store-room in the same house provided for the exclusive use of the assured by the landlord to the extent of fifty dollars ($50) and no more.

### SCHEDULE.

"1.   The name of the assured is Mrs. Dora Casner.
"2.   The business address of the assured is ————
"3.   The occupation of the assured is ————————
"4.   The location of the premises insured hereby is 3125 Laclede avenue, St. Louis, Missouri.
     (Street No.)      (City or Town)      (State).
"5.   The premises are fully described as follows: Private residence.
     (State whether private residence boarding house, apartment house or at house.)
"6.   The portion of the premises occupied by the assured is, all.
"7.   The premises are occupied by the assured as

     (State whether owner or tenant.)
"8.   There is a regular front door or hall attendant, except as follows:  None.

"9. There will be a resident caretaker within the premises at all times during the absence of the assured and his family, except as follows: None.

"10. The assured has not sustained any loss nor received indemnity for any loss by burglary, theft or larceny within the last five years, except as follows: None.

"11. The total value of all the property described below does not exceed three thousand dollars ($3,000).

"12. The insurance granted by this policy and the premium thereon is to apply specifically as follows:

INSURANCE PREMIUM.

Item I. On gold and sterling silver-ware, watches, jewelry, plated ware, wearing apparel, furs, laces, rugs, tapestries, paintings, bronzes, clocks, bric-a-brac, musical and professional instruments, sporting outfit, bicycles, plumbing, gas and water fixtures, and household goods and personal effects common in residences generally ....................$1,000    $ 12.50
including money to the extent of $50 ...................................... $.... $....

Item II. On horses, vehicles, harness, robes, blankets and other like articles contained in the private stable of the assured, situated contiguous to the said premises. $.... $....

Item III. On property contained in any safes within the premises... $.... $....

Item IV. On articles in the said premises separately insured as follows .............................. $.... $....

'(On the side of said schedule is indorsed the following:)

"Residence Burglary, Theft and Larceny Form
No. T22,045.

"Attached to and forming part of policy No. B53,-895, issued by the New Amsterdam Casualty Company to Mrs. Dora Casner.

Countersigned by Chas. L. Crane.

(This is the end of the rider.)

GENERAL AGREEMENT.

"This policy does not cover any loss caused by the abstraction of any property from any safe or vault if this insurance expressly applies to property contained therein, unless such loss is sustained by entry into such safe or vault by burglars and such entry is effected by the use of tools, or explosives thereupon, nor any loss while the premises are undergoing repairs, renovation or alteration extending over a period of more than three consecutive days, nor any loss from explosion except when occasioned by burglars, nor any loss from fire, water, invasion, riot, war, strike, or civil commotion; nor for any amount in excess of the actual cash value of the property taken.

"In witness whereof, The New Amsterdam Casualty Company has caused this policy to be executed at the city of New York, but the same shall not be binding upon the company until countersigned by a duly authorized representative of the company.

"W. F. MOORE, President,

GEO. E. TAYLOR, Secretary.

"Countersigned by CHAS. L. CRANE, Agent."

It will be observed that under the head of item "I" of clause twelve of the "schedule" in the above policy, the word "jewelry" appears, and that insurance was written on the various articles of property mentioned in said item to the amount of $1,000, including money to the extent of $50. In fact, the only property insured was designated in that item and the entire premium of $12.50 was for insurance on the articles therein men-

tioned.  It will be observed further that item three of clause twelve of the schedule was inserted in the printed form, in order that any property kept in a safe on the premises wherein the insured property was located, might be covered by insurance; the amount of the insurance and the premium to be written after the blank $mark opposite said item.  While the policy was in force, some miscreant entered plaintiff's residence, broke open an iron safe contained therein and abstracted from the interior of the safe, finger rings belonging to plaintiff of the alleged value of $745, and $35 in cash.  Such, in substance, was the evidence introduced by the plaintiff and on which the court instructed the jury she was not entitled to recover.

GOODE, J. (after stating the facts).—For the defendant it is contended that the money and property stolen from the plaintiff were not covered by the policy of insurance because they were contained in a safe when taken by the thief.  The third item of the schedule relating to property kept in a safe was left blank; wherefore it is argued that plaintiff took no insurance on any property contained in a safe on the premises.  This argument found favor with the learned trial judge, and our respect for his opinion has inclined us to lend a more attentive ear to it than probably we otherwise would.  The blank item was designed for the statement of the amount of insurance carried on property contained in a safe and the insurance rate on that property, when the owner desired to insure property as kept in a safe.  The words of the item have no relevancy to plaintiff's right to recover.  Probably the reason for having such a blank space in policies was that persons occasionally desire to insure articles which they are accustomed to keep in a safe; whereby the articles are protected in some measure against loss by theft or burglary and the company enabled to give a lower rate of insurance on them.  Now the defendant, by the express language of item "I," in-

Casner v. Casualty Co.

sured plaintiff's jewelry, including her rings, and money to the extent of $50. Defendant was paid for this insurance, and the bare circumstance that the insured property was contained in a safe, either occasionally or constantly, and that it was stolen therefrom, does not affect her right to be indemnified for the loss. Suppose the third item in regard to property contained in a safe had been erased; would plaintiff be without right to recover because her jewelry was in a safe? The second item of the schedule provides for insurance on horses and other property while contained in a stable. Suppose that elsewhere in the policy the company had written insurance on horses kept on the premises to the amount of $500, but had left item "II" blank; if the horses had been stolen from the stable, could it be argued there was no insurance on them? The fallacy of defendant's contention consists in this: it wishes to control the interpretation of the policy by blank clauses which are no part of the contract, though they might be looked to like any external fact, to aid in construing the contract if its meaning was doubtful; but the meaning is clear and the intention of the parties is to be collected from the words of the instrument. Defendant insists that it never insured any property kept in a safe. It did not by that description. But it insured plaintiff's jewelry kept anywhere on the designated premises. If the intention was to exclude from the face of the policy any jewelry contained in the safe and insure only other jewelry, words of that purport should have been inserted. Insurance contracts are liberally interpreted in favor of the insured. It is certain that plaintiff was insured against the loss of her rings and money by theft and that they were stolen. It matters not whether they were stolen from a safe or elsewhere on the premises; she is entitled to indemnity. On the defendant's theory, whatever articles described in item "I" were kept in a safe and stolen from it, plaintiff was bound to lose. In other words, the bare circumstance that she kept the insured

property in a safe would wipe out her indemnity, though keeping it there made the risk less to the defendant. A court can rarely find a precedent for the interpretation of a contract. Contracts of exactly similar terms occur infrequently. The case most analogous to this one to be found is Fuller v. Casualty Co., 94 Mo. App. 490, 68 S. W. 222. In so far as the decision therein is relevant, it supports our conclusion; which is based, of course, on the evidence contained in the present record.

The judgment is reversed and the cause remanded. All concur.