STEPHEN MIGNOGNA, Respondent, v. MANFAIED CHIAFFARELLI, Appellant; Electric Park Amusement Company, Garnishee.

Kansas City Court of Appeals, November 7, 1910.

1. **EXEMPTIONS: Non-Resident Judgment Debtor.** A non-resident judgment debtor cannot claim the exemptions given by section 3162, R. S. 1899 (section 2183, R. S. 1909), or section 3159, R. S. 1899 (section 2180, R. S. 1909). The exemptions mentioned in the latter section were made for the benefit of heads of families resident in the state. That the legislative intent was to protect only residents of the state is obvious when section 3235a, which was added to the exemption laws in 1903 (now section 2257, R. S. 1909) is taken into consideration. This latter section provides that a judgment debtor about to leave the state is not entitled to exemption.

2. **STATUTES: Mistake in Words.** That fact that the concluding clause in section 3235a, Laws of 1903, provided that no exemption shall be allowed the execution creditor (instead of execution debtor) did not render the whole section meaningless, because the word "creditor" was clearly a misprint for the word "debtor."

3. **ATTORNEY AND CLIENT: Exemptions.** The plaintiff, whose wages were garnished, directed his attorney to do everything lawful to save the sum garnished. This was sufficient to authorize the attorney to file in plaintiff's name a motion for exemptions.

4. **ATTORNEY AND CLIENT: Conduct of Litigation.** In the absence of any evidence showing the attorney's authority, the presumption was that the conduct of the case by the attorney of record was in the performance of the duties entrusted to him by his client.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Bruce Barnett* for appellant.

(1) The court erred in overruling the motion of the defendant (the appellant) to have his exemptions allowed out of the money deposited in court by the garnishees and in ordering said money paid to plaintiff (respondent). Each head of a family may hold as exempt any property, money debts or wages not exceeding three hundred dollars in value. Sec. 3162, R. S. 1899. Except ten per cent thereof. Session Acts 1903, page 195. (2) The question as to whether the person claiming exemptions is a resident or nonresident of the state does not affect his right to exemptions except in cases where property or money is levied upon by attachment. Sec. 384, R. S. 1899; State to use v. Knott, 1 Mo. App. 151.

*Williams, Hunter & Guppin* for respondent.

(1) Where the language of a statute leads to a manifest contradiction of the apparent purpose of the enactment, a construction may be put upon it which modifies the literal meaning of the words. Cole v. Skrainka, 105 Mo. 303; State ex rel. v. Railroad, 105 Mo. App. 207. (2) What is clearly implied by a statute is as much a part of it as if expressed in words. Coonce v. Munday, 3 Mo. 373; Frazier v. Gibson, 7 Mo. 271; Kamerick v. Castleman, 21 Mo. App. 587. (3) "Where it is manifest upon the face of an act that an error has been made in the use of words, the court may correct the error and read the statute as corrected, in order to give effect to the obvious intention of the Legislature." 26 Am. and Eng. Ency. Law (2 Ed.), p. 655.

BROADDUS, P. J.—The case out of which the present proceedings originated was once before this court and is reported in 135 Mo. App. 68, wherein the judgment of the trial court against the garnishees was

affirmed. The garnishees after the affirmance of the judgment paid the fund into the court; whereupon Bruce Barnett, the attorney of Chiaffarelli, the judgment debtor, filed a motion asking that the balance of the fund, after deduction of certain costs, be paid to defendant as head of a family.

The motion recites that the judgment debtor was at the time of the institution of the suit and at all times since and now is the head of a family; that as such under the laws of the state he is entitled to hold as exempt a nine-tenths part, or ninety per cent of the amount in the hands of the garnishees. Upon the hearing of the motion it was sufficiently shown at the time of the rendition of the judgment against Chiaffarelli, that he was the head of a family, and a married man with two children; that shortly after the rendition of the judgment he left the state; that he was at no time a resident of Missouri; and that the sum garnisheed was due him as wages for services rendered the Electric Park Company.

The plaintiff in the judgment on the trial questioned the authority of Bruce Barnett on behalf of Chiaffarelli the debtor to claim the exemption. Mr. Barnett was a witness at the trial and he was asked, Q. "When did Chiaffarelli employ you to file this motion here for exemptions?" A. "Oh, Chiaffarelli employed me the day he was garnisheed." Q. "To file this motion here for exemptions?" A. "No, to save the money for him in any way it could be saved legally and lawfully." Q. "When did you hear from him, from Chiaffarelli?" A. "I haven't heard from him for a long time." Q. "As a matter of fact he isn't making this claim for exemptions personally?" A. "Oh, yes, he is." Q. "You are making it?" A. "I am making it for him."

The court overrruled defendant's motion for exemptions and he appealed.

It is urged that notwithstanding the debtor was a non-resident of the state at the time of the rendition of the judgment and garnishment, as the head of a family, he was entitled to the exemption provided in section 3162, Revised Statutes 1899, and as amended by session acts 1903, page 195. The section reads as follows as amended: "Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 3159, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars, except ten per cent of any debt, income, salary or wages due such head of a family." The exemptions in section 3159 are: "First, ten head of choice hogs, ten head of choice sheep, and the product thereof in wool, yarn or cloth, two cows and calves, two plows, one ax, one hoe and one set of plow gears, and all necessary farm implements for the use of one man; second, two work animals, and feed of the value of twenty-five dollars for the stock above exempted."

There can be no question but what the exemptions mentioned in the latter section were made for the benefit of heads of families resident in the state. And it is evident, construing the two sections together that the Legislature had in mind the same class of persons, residents of the state, and housekeepers, and not persons who might be passing through or sojourning in the state for temporary purposes. The latter class do not as a rule possess any of the articles mentioned in said sections and we cannot conceive any good reason why they should have the benefit of a provision intended solely for resident housekeepers and heads of families. In 1903 a new section was added to said chapter on execution. The act provided that it should follow section 3235 and to be numbered the same with the letter 'a' attached. It reads as follows: "Any person holding or who may hereafter hold a judgment against another

who is about to leave the state may have execution issued against the property and effects of such person, or any part thereof, sufficient to satisfy said judgment, and all cost that has accrued or may hereafter accrue and in enforcing such execution in such case, no exemptions shall be allowed the execution *creditor*." The last word is a misprint, as debtor was meant. Defendant contends that the section is meaningless on account of said mistake. But we think not. The enactment of this section, indicates at least, if nothing more, that the laws of this state governing exemptions were intended for the protection of the resident of the state only.

As to whether Bruce Barnett was authorized to make the claim for exemptions we are of the opinion that the direction by the defendant for him to do everything he could lawfully do to save for him the sum garnisheed was sufficient for that purpose. The authority reposed in the attorney an unlimited discretion to act in the matter, provided always that he should act lawfully. And in the absence of any evidence showing authority we would presume that the attorney of record was in the performance of the duties entrusted to him by his client. For the reason given the cause is affirmed. All concur.