J. O. D. ROGERS and J. C. MILLER, Appellants, v. WESTERN INDEMNITY COMPANY, OF DALLAS, TEXAS, Respondent.

Springfield Court of Appeals, March 12, 1915.

1. ATTORNEY AND CLIENT: Contingent Fee: Notice: Personal Injuries: Indemnity Insurance. In a suit by a servant against a master for personal injuries, the attorney for the servant made a written contract with him to prosecute the suit on a contingent fee of fifty per cent. The master was duly notified of the provisions of such written contract. The servant later employed other attorneys to prosecute the suit, claiming to have discharged the first attorney. An insurance company with which the master carried indemnity insurance for the servant, reached a settlement with the servant and a judgment was

Rogers and Miller v. Indemnity Co.

entered against the master the amount of which was paid to the attorneys last employed by servant. The first attorney filed a motion in the court claiming fifty per cent of the judgment as his fee under the contract and the court set aside same and execution was issued in his favor which employer paid. The insurance company being defendants in the action and having defended against the motion after proper notice thereof, waived notice from the master of the claim of the first attorney of lien for attorney's fee.

2. ESTOPPEL: When Judgment Acts as. In an action by a servant against the master for personal injuries the master appeared and defended the action. Judgment was entered against the master which was satisfied. The satisfaction to the amount of fifty per cent was vacated upon motion of an attorney first employed by the servant to prosecute the case, such attorney having a written contract for fifty per cent contingent fee of which fact he had notified the master. The insurance company appeared and resisted this motion unsuccessfully, but did not appeal. It was estopped from claiming that the court was without authority to set aside the judgment referred to in a subsequent action by the master against it to recover the amount of the attorney's fees allowed.

3. INSURANCE: Indemnity Insurance: Policy Comprehends What. The provisions of an indemnity insurance policy held by an employer examined. *Held* to cover the contingent fees of an attorney first employed by the injured party to prosecute the suit which the atorney had enforced after the insurance company had satisfied the judgment.

4. ————: Vexatious Refusal to Pay Loss: What Not Within. Conditions surrounding the refusal of an indemnity insurance company to settle claim reviewed and such refusal considered not a vexatious refusal to pay allowing a penalty within the meaning of Sec. 7068, R. S. 1909, Amended Acts 1911, p. 282.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED *(with directions).*

*McReynolds & Halliburton* for appellants.

(1) The presumption is that an attorney has full power and authority to appear, act for and bind his client in all matters in connection with, incident to or

a part of a legal proceeding in which the client may
be interested, and a client will be bound by the result
of the attorney's conduct.    Markey v. Railroad, 185
Mo. 348; Cemtery Assn. v. McCune, 119 Mo. App. 349;
State ex rel. Ponath v. Muench, 230 Mo. 236; Mignogna
v. Chiaffareth, 151 Mo. App. 359; McDonough v. Daly,
3 Mo. App. 606.    (2)  The defendant herein is bound
by the course of conduct it pursued in the Jess Turner
litigation.    It assumed and carried on the defense of
the claim made by Lee and when that defense resulted
disastrously it will not be heard at this time to say that
those proceedings were void or that it was not bound
by the results.    Myton v. Fidelity & Cas. Co., 117 Mo.
App. 442; Dutcher v. Hitt, 29 Mo. 271; Green v. St.
Louis, 106 Mo. 454; Boettger v. Reshling, 74 Mo. App.
257; DeMoss v. Carpet Co., 74 Mo. App. 117.    Such
conduct estops the defendant from denying its liability.
Myton v. Fid. & Cas. Co., 117 Mo. App. 451-3; Taylor
v. Yepp, 14 Mo. 482; Bramell v. Adams, 146 Mo. 70.
(3)  In view of defendant's conduct the contention of
failure to give notice is immaterial.    Not only did that
conduct amount to an estoppel but it constituted a
waiver.    Fuller Bros. v. Fidelity & Cas. Co., 94 Mo.
App. 490; Cement Co. v. Ins. Co., 11 N. Y. App. Div.
411; Titus v. Insurance Co., 81 N. Y. App. 410; Mc-
Nally v. Insurance Co., 137 N. Y. 389; Robey v. Ins.
Co., 120 N. Y. 510; Frippe v. Fund Society, 140 N. Y.
23; La Force v. Insurance Co., 43 Mo. App. 518; Wil-
liams v. Railroad, 153 Mo. 519; Fink v. Insurance Co.,
66 Mo. App. 513.

*A. W. Thurman,* for respondent.

(1)    The appellant urges that the respondent
waive the fact that this notice was not delivered to
it and was estopped from making its defense.    At the
time the judgment and settlement was made with the
attorneys of record, there is no evidence that the re-

Rogers and Miller v. Indemnity Co.

spondent knew of the claim of Lee or had been served with notice by Rogers and Miller that notice of attorney's lien had been served upon them. They could not have waived what they did not know and could not be estopped when they had no knowledge thereof. The questions of waiver and of estoppel are questions of fact, and the finding of the court thereon are binding. Lee v. Hassit, 39 Mo. App. 67; Lime & Cement Co. v. Fire-Proofing Co., 77 Mo. App. 21. (2) The fact that the judgment rendered against appellants is due to the negligence of appellants in not giving notice to the respondent so as to protect appellants upon their lien of attorney, while the lien of attorney is not insured against. Even if it was, the respondent should have had notice. No notice is pleaded or proven, and the appellants failed to comply with and perform their contract of insurance by giving the notice as required by the terms of the policy. It is well settled that such notice should be pleaded and proven. Hilburn v. Insurance Company, 129 Mo. App. 677; Burnham v. Insurance Company, 75 Mo. App. 394; Burgess v. Insurance Company, 114 Mo. App. 169; Ball v. Royal Ins. Co., 129 Mo. App. 34.

STURGIS, J.—At the times involved in this cause of action the plaintiffs were employers of men engaged in mining. The defendant had issued to them an employers' indemnity policy insuring them against loss for damages on account of personal injuries to plaintiffs' employees. While this policy was in force, one Turner instituted suit against these plaintiffs for personal injuries to himself. This defendant, by its attorney, under the terms of the policy took charge of and defended such suit. Turner first employed as his attorney to enforce his claim one Frank H. Lee, who consented to act in that behalf on a contingent basis of receiving for his services fifty per cent of whatever might be received by settlement, compromise, or suit,

and made a written contract with Turner to that effect. Notice in writing of his employment by and contract with Turner was served on these plaintiffs under our statute relating to contingent attorney's fees. Thereafter, Turner, claiming to have discharged Lee, employed the firm of Walden & Andrews, as his attorneys, to prosecute his claim for personal injuries and they brought and prosecuted the suit which this defendant took charge of. It is not disclosed whether Walden and Andrews were to get a per cent of Turner's claim or a fixed amount for their services. In the suit of Turner against these plaintiffs an adjustment was reached and by agreement a judgment in favor of Turner for $300 and costs was duly entered against these plaintiffs and satisfaction of the same was at once entered of record. The insurance company, this defendant, paid this judgment and costs to Walden & Andrews as Turner's attorneys, and took a receipt therefor, including any claim for attorneys' fees due them. Thereafter, the said Frank H. Lee filed a motion in the Turner case to vacate the satisfaction of the judgment for $300 in Turner's favor and against these plaintiffs to the extent of one-half thereof, that amount being his attorney's fee under his contract, and to order execution in his favor for $150. As the basis therefor the motion recites the fifty per cent contract with Turner and notice thereof to these plaintiffs. Notice of the filing of such motion was accepted by the attorney of record for these plaintiffs, then defendants, but who was in fact the attorney of this defendant, and this defendant by its said attorney took charge of and defended such motion.

Such proceedings were had on this motion that the satisfaction of the $300 judgment against these plaintiffs was set aside and execution ordered for $150, which these plaintiffs, as execution defendants, were forced to and did pay. This suit is to recover from defendant the amount so paid, with attorneys' fees

and penalty for vexatious refusal to pay. The case was tried without a jury and the court found for the defendant.

The defendant resisted plaintiffs' demand on the ground that same is not within the terms of the policy and that no notice was given to it of Lee's claim for attorney's fee though notice of such claim was served on these plaintiffs. It asserts that it settled the Turner case without notice of this claim. The plaintiffs rely on estoppel and waiver, in that defendant took charge of and defended the claim of and motion filed by Lee without denying its liability or giving these plaintiffs notice of such motion or privilege of defending the same.

We are not informed of the precise ground on which the court decided the case for defendant. It refused an instruction that "if the attorneys employed by the defendant appeared and took charge of the motion filed by F. H. Lee to set aside the satisfaction of judgment in the case of Jesse Turner v. Rogers and Miller, No. 18842, and said attorneys, McIndoe & Thurman, were not employed by the said Miller and Rogers but were employed by the defendant herein, and appeared for the insured and in their behalf without any contract other than the policy of insurance offered in evidence, and that while said case was in their charge a judgment was rendered against said Rogers and Miller for $150 together with costs, as alleged in plaintiffs' petition then, and in that event, the defendant herein thereby waived any requirement of notice from the said Rogers and Miller of the claim of F. H. Lee for an attorney's fee for said Jesse Turner, and the finding and judgment herein should be for the plaintiffs."

We think this instruction, which in effect directs a verdict, should have been given. The notice required by the policy to be given by the insured to the insurer is: (1) Of the occurrence of an accident; (2)

of a claim on account of such accident; and, (3) of any suit to recover damages on account of injury or death. Lee's claim for attorney's fee does not directly arise from accident or injury. His claim is for part of the damages accruing to his client, Turner, and does not increase or diminish defendant's liability. His notice to these plaintiffs, as defendants in the Turner suit, merely prevented a payment to Turner of the full amount due him for his injuries without taking into account Lee's right to one-half of it and held them responsible to Lee for such one-half. It would seem, therefore, that Lee's claim is not such an independent claim arising from an accident and injury as is contemplated by the policy in requiring notice from the insured. We can concede that the defendant in an accident suit should not, and that the courts would apply the doctrine of estoppel if he did, so conceal or withhold information from the insurer as to an attorney's right to a part of the damages claimed so as to lead the insurer to pay the full amount to the claimant in ignorance of the attorney's claim. No such state of facts here exists. This defendant, through its attorney defending the Turner damage suit, had knowledge that Lee was the first attorney employed by Turner. It is also in evidence that these plaintiffs sent Lee's notice to them to a general agent of the defendant residing in that district, though not the agent countersigning the policy and designated therein as the one to receive notice of an accident or injury claim. The notice of the filing of Lee's motion was served on defendant's attorney in charge of the damage case and who must be held to have had ample authority as to all matters connected therewith. [Mignogna v. Chiaffarelli, 151 Mo. App. 359, 363, 131 S. W. 769; Scarritt Furniture Co. v. Moser & Co., 48 Mo. App. 543, 548; McDonough v. Daly, 3 Mo. App. 606; Markey v. Railroad, 185 Mo. 348, 84 S. W. 61.] Defendant's attorney took full charge of the defense of this motion filed by Lee, as it

had of the damage case, without in any manner questioning its liability. The plaintiffs swear that they had no notice whatever of Lee's motion until they were called on by the sheriff to pay the $150 judgment awarded on that motion, and the defendant admits that it gave no notice to them of any proceedings had on the motion of Lee except a letter requesting these plaintiffs to *be present* when the motion was first set for hearing. The plaintiffs deny receiving any such letter. The motion was, however, continued to a much later date and no further notice was attempted to be given or effort made to have these plaintiffs defend that motion.

Something is said of the court having no power to sustain Lee's motion to vacate a judgment, already satisfied between the parties to the case and their attorneys of record, by one in nowise a party thereto; but that is obviously out of this case, as this defendant, by its attorney acting for and in the name of these plaintiffs, then defendants, took charge of and contested that matter in a court of general jurisdiction to final judgment and did not take any steps to appeal the case or stay the execution against these plaintiffs, or even inform plaintiffs of the court's ruling. Under the plain principles of law and justice this defendant ought not now be heard to say that such proceedings were without authority of law, or that it was not bound by the result. [Myton v. Fidelity & Casualty Co., 117 Mo. App. 442, 92 S. W. 1149.]

Nor do we think the defendant is justified in contending that Lee's claim is not within the terms of the policy. The policy covers not only damages recovered, but "all expenses attendant upon the investigation, adjustment and settlement of claims, and all costs taxed against the assured in any legal proceeding defended by the company." If Lee's claim be regarded as costs taxed against the then defendants, or as a penalty enhancing and forming a part of the ultimate judgment

to be paid, it is covered by the policy. But, as before stated, his claim is in fact not for an additional amount but for a part of the judgment for damages rendered in favor of Turner. The trial court held in its ruling on the Lee motion that one-half the Turner judgment should have been paid to Lee and that its full payment to Turner did not fully discharge that judgment. This ruling is binding on defendant, who had full charge of the whole proceedings resulting in such ruling. It is obvious that the defendant could not be released from liability on its policy until the judgment in the Turner damage suit was fully paid and satisfied by it. Moreover, the defendant assumed that it was so liable by its course of conduct in taking charge of and defending the Lee motion and having so interpreted its own contract it is bound thereby. [Fuller Bros. v. Fidelity & Casualty Co., 94 Mo. App. 490, 68 S. W. 222; Myton v. Fidelity & Casualty Co., 117 Mo. App. 442, 92 S. W. 1149.]

Defendant claims that it cannot be held to have waived notice of Lee's claim, granting that it was entitled to the formal notice specified in the policy, because there is evidence showing that it had no knowledge of such claim and that waiver without knowledge of the thing waived is impossible in law. Had defendant taken and stood on this proposition at the time Lee filed his motion it would be in a different position than it finds itself now. Its subsequent conduct in connection with that motion is the potent fact constituting the waiver.

The plaintiffs are entitled to recover. The amount which they should recover is not in dispute. Plaintiffs ask that damages and attorneys' fees be allowed for vexatious refusal to pay as provided by section 7068, Revised Statutes 1909, as amended Acts of 1911, page 282. The trial court, however, found so much merit in the defense as to deny defendant's liability and, while this is not a criterion in all cases, we conclude that no

such vexatious refusal as justifies the penalty exists in this case. The cause is, therefore, reversed and remanded with directions to enter judgment for plaintiffs for $163.97, and interest thereon from date of payment thereof by these plaintiffs.

*Farrington, J.,* concurs. *Robertson, P. J.,* concurs, except he is of the opinion that unless plaintiffs desire to waive the claim for attorneys' fees and damages the judgment should be reversed and the cause remanded for a new trial.