# MARCH, 1940.

ORA DORMAN, APPELLANT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, RESPONDENT.—140 S. W. (2d) 87.

Kansas City Court of Appeals.   April 1, 1940.

*Murrell & Murrell* and *E. M. Jayne* for appellant.

*John Campbell* for respondent.

SHAIN, P. J.—This case presents such novelty that we conclude a proper understanding of conclusions reached upon our review necessitates the setting forth of the pleadings.

The plaintiff's petition is in words and figures as follows:

"Plaintiff states that he is a resident of Adair County in the State of Missouri. That at all times herein mentioned, he has been an employee of Frederick K. Luman under a contract of employment whereby he received wages and other compensation of the total amount and value of $75 per month. That defendant is a corporation organized and existing under and by virtue of law with main office or place of business in the City of Baltimore, Maryland. That at all of the times herein mentioned, the defendant has been engaged in the business of writing policies of insurance against loss by reason of personal injury and loss of time and disability due to accident and against other hazards and that at all of the times herein mentioned, the defendant has been licensed to, and has been engaged in, such business in the State of Missouri as a foreign insurance corporation.

"For cause of action plaintiff states that the defendant for a valuable consideration to it paid, duly executed its written policy or contract of insurance wherein and whereby it promised and agreed

to pay promptly to any employee of said Frederick K. Luman such amounts of money, by way of compensation to him, as he might be entitled to receive as compensation computing the same under the method and manner provided by the Workmen's Compensation Law of the State of Missouri on account of any injury he might receive while in the employ of said Frederick K. Luman and in the course of his said employment, together with such medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines as he would be entitled to under said Workmen's Compensation Law for a period of time from December 24, 1937, to December 24, 1938. (Said policy cannot be filed herewith, because it is lost or destroyed.)

"Plaintiff further states that on the 24th day of May, 1938, and while he was so in the employ of said Frederick K. Luman and was engaged in discharging his duties as such employee and in the regular line and course of his employment, plaintiff sustained an injury to his left foot and ankle in which the bones, joints, ligaments, tendons and muscles of said foot and ankle were sprained, strained, twisted, torn, separated, dislocated and otherwise severally injured and that as a result of said injury plaintiff was totally disabled and wholly unable to pursue his usual or any gainful occupation between said date and the first day of October, 1938, and thereafter since the 15th day of May, 1939, and plaintiff will in the future for a period of twelve additional months be wholly unable to engage in any gainful occupation or to perform any of the duties of his employment. That plaintiff has been required to pay and expend large sums of money for medical and surgical care, treatment and attention and will in the next twelve months be required to expend large sums of money for medical and surgical care and attention and for medicines, bandages and other necessary apparatus of treatment and that the amount so spent, and to be necessarily spent by plaintiff for such medical and surgical care and treatment. is the sum of Two Hundred ($200) Dollars. That by reason of such employment and injury as computed under the provisions of the Workmen's Compensation Law, plaintiff became entitled under said contract or policy of insurance to receive from and be paid by defendant the sum of $1494 as and for his compensation, together with the further sum of $200 as and for his medical and surgical expense, in all in the sum of $1694. That the defendant paid to him the total sum of $72.17 but has wholly failed and refused to pay the balance in the sum of $1,621.83 or any part thereof, and has denied any further liability to plaintiff. That the failure and refusal of the defendant to pay plaintiff the said sum of $1,621.83 is willful and vexatious and without just cause or excuse and by reason of such willful and vexatious refusal of defendant to pay said sum, plaintiff has been obligated to employ E. M. Jayne as his attorney to institute this suit and collect the amount due him. That a

reasonable attorney's fee to plaintiff's attorney for the prosecution of this suit is the sum of $250.

"Wherefore, plaintiff prays judgment against defendant for the said sum of $1,621.83 together with 10% of said sum, to-wit, $162.18 as damages for such vexatious refusal to pay and the further sum of $250 as attorney's fee for plaintiff's attorney, in all the sum of $2,034.01 and the costs of this action."

The defendant's answer is in words and figures as follows:

"Defendant for amended answer to plaintiff's petition says it is a corporation engaged in the business of insurance, and denies each and every other allegation in plaintiff's petition contained.

"Further answering, defendant says it has not at any time heretofore issued the alleged written policy or contract of insurance described in plaintiff's petition.

"Further answering, defendant says that on December 24, 1937, it issued to one Frederick K. Luman a written policy or contract of insurance by the terms of which defendant did agree to pay promptly to any person entitled thereto, under the Workmen's Compensation Law of Missouri, and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due, to such person because of the obligation for compensation for any such injury imposed upon or accepted by said Luman under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this said Policy, each of which statutes is therein referred to as the Workmen's Compensation Law, and for the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law, and that all of the provisions of such Workmen's Compensation Law covered by said policy shall be and remain a part of said contract as fully and completely as if written therein, so far as they apply to compensation or other benefits for any personal injury or death covered by said policy, while said policy shall remain in force, and that nothing contained in said policy shall operate to so extend said policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement attached to said policy that said Workmen's Compensation Law, above referred to, is provided in said Policy to be and consist of Chapter 28, Revised Statutes of Missouri, 1929, and all laws amendatory thereof or supplementary thereto which may be or became effective while said policy was in force.

"For another and further defense defendant says that plaintiff before filing this action filed a claim with the Workmen's Compensation Commission of Missouri, alleging he was entitled to receive compensation under said Workmen's Compensation Law and said con-

tract of insurance for the alleged injuries and alleged accident set forth in his petition herein that this defendant appeared and filed pleadings in answer to plaintiff's claim in said action before said Workmen's Compensation Commission, and that the said matter was tried and submitted to said Workmen's Compensation Commission and that thereafter and on August 9, 1939, said Workmen's Compensation Commission made its finding and award therein denying plaintiff any recovery whatsoever; that no application for review or notice of appeal was ever made or filed or appeal taken from said award and decision and that the same is a final determination of this action, all of which defendant pleads in bar of this action.

And now having fully answered defendant prays to be discharged with its costs.

"Thereafter and on the 13th day of November, 1939, the plaintiff duly filed in said cause its reply to defendant's answer, as appears by an entry duly made on the records of said court at that time, the same (formal parts omitted) being in words and figures as follows, to-wit:"

The plaintiff's reply is as follows:

"Now comes the plaintiff and for his reply to amended answer of defendant denies each and every allegation therein contained.

"For further reply plaintiff says that his employment by Frederick K. Luman was one of farm labor and that said employer, Frederick K. Luman, was engaged solely in farming and had never filed with the Workmen's Compensation Commission any notice of his election to accept the provisions of the Missouri Workmen's Compensation Law and that neither plaintiff nor the said Frederick K. Luman at any time were operating under the provisions of the Missouri Workmen's Compensation Law, and that the Workmen's Compensation Commission of Missouri had no jurisdiction of the parties or of the cause of action declared upon in plaintiff's petition herein.

"For further reply, plaintiff says that defendant, in the proceedings mentioned in defendant's answer wherein this plaintiff filed his claim with the Workmen's Compensation Commission of Missouri, by pleading and by evidence challenged the jurisdiction of the Workmen's Compensation Commission of Missouri to make any award in said claim, on the ground and contention that the parties were not operating under the Workmen's Compensation Law of Missouri, and by such pleading and evidence procured and induced said Workmen's Compensation Commission to refuse jurisdiction of said claim on that ground and acquiesced in the ruling of said Commission that it was without jurisdiction in the matter and plaintiff says that by reason of such facts the defendant is now estopped to assert that the jurisdiction of this cause is or was with the Workmen's Compensation Commission or to plead the action of said Commission in bar of plain-

tiff's right to recover herein or to deny that this court has jurisdiction to grant the relief prayed for herein.

"Wherefore, having replied to said answer, plaintiff says that he is entitled to judgment as prayed in his petition."

There was a jury trial resulting in verdict of $500 for plaintiff and judgment was entered in accordance.

In due time defendant filed motion for a new trial and the trial court, acting upon said motion, set aside the judgment and granted to defendant a new trial. The trial court assigned as a reason for granting a new trial that the court had erred in refusing defendant's requested Instructions A, B, C, D, E and F. All of the aforesaid designated instructions were in the nature of demurrer and directing verdict for defendant.

From the action of the trial court in granting a new trial, the plaintiff has duly appealed. The appellant (plaintiff) makes assignment of error as follows:

"The court erred in granting respondent a new trial because the evidence of appellant was sufficient to entitle him to go to the jury."

We will continue to refer to appellant as plaintiff and to respondent as defendant.

The policy involved herein is set out in full in the record and is designated as follows:

"STANDARD WORKMEN'S COMPENSATION AND
"EMPLOYERS' LIABILITY POLICY
"United States Fidelity and
"Guaranty Company
"Baltimore Maryland
"Declarations

"Item 1. Name of this employer Fredrick K. Luman P. O. Address Kirksville, Adair County, Missouri."

The policy involved herein conforms with the requirements provided for in the Workmen's Compensation Act (Chap 28, Art. 2, Revised Statutes of Missouri 1929).

It stands admitted by the pleadings that plaintiff filed claim for injuries received with the Workmen's Compensation Commission, and it is shown that the plaintiff, Frederick K. Luman (the employer), and the defendant (as insurer) all participation in the hearing before said Commission, and that said Commission found and made an award in favor of the employer and insurer and against the employee who is the plaintiff herein.

The last paragraph of the award of the Commission is as follows:

"It is my opinion from the evidence that the employer was engaged in farming and had never accepted the provisions of the Missouri Workmen's Compensation Law in accordance with Section 3303, R. S. Mo., 1929. Therefore, the claim for compensation must be and is hereby denied for want of jurisdiction."

No appeal was ever taken from the award of the Commission and the same is final for what it is worth. However, it is apparent that the action of the commission is based upon its conclusion that the Commission had no jurisdiction, and if want of jurisdiction be conclusive, then any award made is *coram non judice*.

We conclude that for the purposes of this case the action taken by the Workmen's Compensation Commission can only be concluded as a dismissal of the claim filed by the plaintiff herein for want of jurisdiction and that said action by the Commission is not a bar to any right of action, if any, that the plaintiff herein has against the defendant herein.

The plaintiff herein makes contention that he has a cause of action against defendant on the Standard Workmen's Compensation and Employers' Liability Policy, declared upon in his petition.

The plaintiff in his reply states affirmatively that neither plaintiff nor his employer (Luman) were at any time operating under the provisions of the Workmen's Compensation Law. This position, taken by plaintiff, is an acceptance of the conclusion of the Commission on such point and is in full accord with the position taken by the defendant herein.

The fact that the Commission has not jurisdiction, as all seem to agree, is not conclusive of any right of action, if any, that plaintiff may have against defendant, and is not a bar to the prosecution of any right of action, if any, that plaintiff may have against defendant under the provisions of the policy in question.

The admissions and undisputed facts in this case compel the conclusion that plaintiff has no cause of action against this defendant under and by virtue of the Compensation Law of the State of Missouri.

Under points and authorities in plaintiff's brief, the following appears:

"The policy in suit was issued to grant disability insurance to appellant. It should be construed, if such construction is possible, to effect that purpose and not to defeat it. [Mitchell v. Carman Commercial Accident Company, 179 Mo. App. 1; Riegar v. London Guaranty & Accident Co., 215 S. W. 926; Eisen v. John Hancock Mutual Life Insurance Co., 91 S. W. (2d) 81.]"

All of the above cited cases involve claims for damages founded upon negligence. Mitchell v. German Commercial Accident Company is a contract directly between the insured and the company; Riegar v. London Guaranty & Accident Company involves an indemnity contract wherein Riegar had paid damages to the injured party and sued to recover on the contract of indemnity; and Eisen v. John Hancock Mutual Life Insurance Company involves a group insurance policy.

The action of plaintiff in the case at bar is not based upon negligence. The only law in Missouri that permits recovery by way of compensation for personal injury to an employee without allegation and proof

of negligence is the Workmen's Compensation Law. The Workmen's Compensation Law is the only law in this state that makes an insurer primarily liable to the employee as a matter of law. It follows that a person cannot come into the Circuit Courts of this State and admit that he and his employer were not under the provisions of the Workmen's Compensation Law and be permitted to maintain suit and recover judgment against an insurer of his employer on the theory of primary obligation of insurer to the employee.

The plaintiff in his brief further contends as follows:

"The respondent construed the policy itself to create a liability toward appellant for some amount and for medical care and expense. Such construction so placed on the policy is competent evidence as to the meaning and intention of the contract and is, in and of itself, sufficient to entitle the appellant to go to a jury. [Fuller Brothers v. Fidelity & Casualty Co., 94 Mo. App. 490; Rieger v. London Guaranty & Accident Co., 215 S. W. 920; Eisen v. John Hancock Mutual Life Insurance Co., 91 S. W. (2d) 81."]

As to the authorities cited above, the comments made above apply.

As to the above contention of plaintiff, no case cited, and no authority found by our research, justifies the conclusion urged when it is taken into consideration that plaintiff himself affirmatively states that neither the plaintiff nor his employer were ever operating under the provisions of the Workmen's Compensation Law. The policy as it stands cannot be construed as placing prime liability upon the defendant (insurer) unless the provisions of the Workmen's Compensation Law are brought into operation.

There is a class of contract (Group Insurance) wherein the employee has a right of action directly against the insurer for injury occuring by reason of negligence on part of his employer. However, the contract in issue in this case would certainly have to be referred by a court of equity to permit the employee such a right and such a reformation, allegation of negligence absent, would present difficulties.

Judgment granting new trial affirmed. All concur.