**UNIVERSAL TOWING COMPANY,**
Appellant,

v.

**HARTFORD FIRE INSURANCE COMPANY, Appellee.**

No. 19692.

United States Court of Appeals,
Eighth Circuit.

Feb. 5, 1970.

D. Sherman Cox, St. Louis, Mo., on brief for appellant.

John C. Shepherd, of Evans & Dixon, St. Louis, Mo., for appellee; Paul V. Gilbert, St. Louis, Mo., on the brief.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Universal Towing Company (hereafter called Universal) claimed coverage for a particular maritime accident under a policy insuring their "terminal liability," issued by Hartford Insurance Company (hereafter called Hartford). The policy was issued on October 10, 1964. Under the insuring agreement Hartford agreed to protect Universal against legal liability resulting from loss or damage to or through the use of barges in the care and custody of insured, "while at *their terminal(s)* at the locations described in Item 5 of the Declarations." (Emphasis ours.) Item 5 of the Declarations was left blank. A suit was brought against Universal by Mobil Oil Corp. for damages to its property arising out of Universal's alleged negligence on March 12, 1965, occurring at the terminal facility located at Mile Point 177.7. Universal tendered the defense of the action to Hartford under their insuring agreement. Hartford denied coverage and refused to defend on the ground that the terminal at Mile Point 177.7 was not owned by the insured.

The district court, the Honorable John K. Regan, held that the policy insured only those terminals owned by Universal and that the facility at Mile Point 177.7 was not owned by Universal and therefore not covered under the policy. The district court granted judgment in favor of Hartford. 297 F.Supp. 1290 (E.D.Mo. 1969). We affirm upon the basis of the district court's opinion.

Judge Regan succinctly pointed out:

"In the circumstances of this case, the policy is to be read as though none of the references to Item 5 of the Declarations appeared therein. So read, the policy expressly limits its application '*only* to occurrences * * * which take place at the *Insured's* Terminal(s).' * * *

"* * * Universal has never claimed that the terminal at Mile 177.7 is in fact one of its terminals, nor does it claim that it maintained or operated that terminal." 297 F.Supp. at 1293.

The plaintiff alleges that the district court erred in considering extrinsic evidence to ascertain the intent of the parties since the meaning of the policy with the omitted schedule is clear and unambiguous. The rules governing the construction of insurance contracts in Missouri need no further repetition. See Twin City Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co., 413 F.2d 494 (8 Cir. 1969); American Ins. Co. v. First Nat'l Bank, 409 F.2d 1387 (8 Cir. 1969). We feel Judge Regan correctly applied these principles. The plaintiff further argues that by failing to itemize the terminals in Item 5 of the policy the insurer waived the right to limit coverage to certain facilities. It is thus argued that since the Mobil suit alleges that the Mile Point 177.7 facility was within the care and custody of plaintiff and maintained by plaintiff that defendant must assume the defense, even though such suit is "groundless, false or fraudulent."

Plaintiff suggests that the words "insured's terminals" connote possession and not necessarily ownership and therefore Hartford must defend the suit. Universal suggests that the trial court overlooked the controlling Missouri law as set forth in Fuller Bros. Toll Lumber & Box Co. v. Fidelity & Casualty Co. of N.Y., 94 Mo.App. 490, 68 S.W. 222 (1902).

■ In the latter case the insurance policy covered several elevators which were supposedly enumerated on the policy itself. The Missouri appeals court held that failure to specify which elevators were covered "waived and dispensed with the requirement that the elevators should be enumerated in the schedule." Under the circumstances the court held there was no ambiguity and that there was insurance protection covering the insured's elevator, even though it had not been clearly specified. We do not agree that this decision is in any way contrary to Judge Regan's opinion. *Fuller* simply stands for the proposition that failure to itemize specific coverage renders coverage to all the facilities *owned* by the insured. The difficulty with this theory is that Universal does not claim that the terminal (Mile Point 177.7) facility in question has been *owned* or *maintained* by Universal from the date of the issuance of the policy. The fact that a third party alleges it to be "maintained" by the insured cannot alter the legal admission by Universal that it was not.

■ We find no ambiguity in the contract itself. As the trial judge stated, the policy only covers facilities owned by the insured. The fact that the trial court heard other evidence to enable it to determine the intent of the parties does not change the result here. We would agree this was unnecessary in that the policy itself is explicit in its terms of coverage. Yet it is implicit in the district court's opinion that the policy was not ambiguous and applied only to those terminals owned by Universal. By taking other evidence, the trial court simply expanded its finding, by extrinsic proof, that the parties had no intention of insuring the terminal in question since it was never owned or maintained by the insured. In fact, Universal's argument that the terms, "their terminal" or the "insured's terminal," are equivocal and may refer to "possession" as well as "ownership," lends support to the trial court's taking evidence as to whether the parties intended to insure the facility.[1]

■■ The argument that the insurer must still offer coverage and defend on the theory that the policy contemplates "groundless" suits is without merit. The agreement to defend groundless or fraudulent suits does not enlarge the coverage beyond its original terms. Under plaintiff's rationale, a person could buy one liability policy covering certain premises and yet demand insurance coverage for an accident occurring on premises belonging to another party. Cf. City of Poplar Bluff v. New Amsterdam Cas. Co., 386 F.2d 172 (8 Cir. 1967). As the trial court points out, the terminal insurance clause does not provide a comprehensive policy of liability coverage for all suits against the insured. Coverage is only provided for the insured's terminals and Mile Point 177.7 is obviously not one of them. It is fundamental that courts in the construction of insurance contracts may never rewrite them so as to provide coverage for which the parties never contracted. See Mercantile Bank & Trust Co. v. Western Cas. & Surety Co., 415 F.2d 606 (8 Cir. 1969).

■ Plaintiff raised at oral argument a claim under a different insurance clause in the overall policy. This question was not briefed or litigated below. Under the circumstances it is inappropriate for us to consider it upon review.

Judgment affirmed.

---

1. The Vice President and operating manager of Universal testified:
   "We never, at any time, intended to place insurance coverage on that fleet, since it was owned and operated by another company, or any other fleet that was owned and operated by someone else."