Davis v. Land.

## DAVIS v. LAND *et al.*, *Appellants.*

1. **Homestead:** CONVEYANCE OF. No fraud can be perpetrated on creditors by any disposition a debtor may make of his homestead.

2. ———: ATTACHMENT. That a debtor is about to remove out of the state to change his domicil affords no ground for an attachment of his homestead property.

Davis v. Land.

*Appeal from Barton Circuit Court.*—Hon. Charles
G. Burton, Judge.

Reversed.

*Harding & Buller* for appellants.

(1) Phillips was entitled to hold the lot in con-
troversy as his homestead at the time of the attachment.
Acts 1870, p. 16, sec. 1 ; *Hartwell v. McDonald*, 69 Ill.
297. (2) A homestead is not the subject of a fraudulent
conveyance. *Vogler v. Montgomery*, 54 Mo. 383 ; *State
ex rel. Meinzer v. Diveling*, 66 Mo. 375 ; *Beck v. Ash-
brook*, 59 Mo. 200 ; *Boggs v. Thompson*, 13 Neb. 303 ;
*Aultman v. Rainey*, 59 Iowa, 654 ; *Smith v. Rumsey*,
33 Mich. 183 ; *Dawe v. Hurley*, 78 Ky. 266 ; *Cox v.
Wilder*, 2 Dill. C. C. 46. (3) A conveyance of exempt
property, even with intent to defraud is not fraudulent.
*O'Connor v. Ward*, 60 Miss. 125 ; *Delashment v. Trim*,
44 Iowa, 613 ; *Winchester v. Gaddy*, 72 N. C. 115.
(4) A gift or sale of property exempt from attachment
or execution to a stranger or to the debtor's wife cannot
be a fraud upon creditors. *Allen v. Berry*, 56 Wis. 178.

*Robinson & Harkless* and *Wm. Thompson* for re-
spondent.

(1) The evidence shows that one of the grounds
alleged in the affidavit for attachment was that defend-
ants were about to move out of the state with intent to
change their domicile ; and this was sustained on plea in
abatement upon trial had, and how the defendants can
strain themselves out of this we are unable to see. *State
ex rel. Schnerr v. Lais*, 46 Mo. 108 ; 1 W. S., p. 185, sec. 19 ;
*Ib.* p. 697, sec. 1. (2) There can be no homestead claim for
another reason. The testimony shows that Davis' cause
of action accrued on November 11, 1875, and there is no

claim that Phillips ever lived on the land or claimed it as a homestead until 1879 ; or that Phillips even owned the land at that time, or if he did that he ever had his deed on record. 1 W. S., p. 698, sec. 7. (3) The court has made a finding upon the facts as to the dismissal being fraudulent and without authority, and that Baker had full knowledge of the fraud and purchased with notice, and the evidence fully sustains it ; and the cause should be affirmed.

HENRY, C. J.—This is a suit in ejectment to recover possession of lot 27 in James' addition to the town of Carthage. On his application Dermott was made a defendant, Land being in possession of the premises as his tenant. Their answer is a general denial. The cause was taken to the Barton circuit on a change of venue, and on a trial thereof plaintiff obtained a judgment from which defendants have appealed. Plaintiff claims title under attachment proceedings against Thomas Phillips, to whom the lot was conveyed by deed by one Maher, August 15, 1875, which was recorded on the nineteenth of the same month and year. Plaintiff's cause of action in the attachment suit accrued on the eleventh of November, 1875. When the attachment suit was instituted, but not when plaintiff's cause of action accrued, Phillips was living with his family on the premises and remained there until 1879. He had, however, sold it to Baker, his father-in-law, in 1877.

The grounds alleged for the attachment were that defendant Phillips had fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors, and was about to remove out of the state to change his domicile. The property in question was Phillip's homestead, which he acquired before plaintiff's cause of action accrued ; and by the statute, section 2695, that was acquired when he filed his deed for record in the recorder's office. When the attachment

suit was instituted, Phillips with his family occupied the premises as a homestead. It was subject to attachment and execution "upon all causes of action existing at the time of acquiring such homestead." No fraud upon creditors can be perpetrated by any disposition the debtor may see proper to make of his homestead. It is beyond their reach, both at law and in equity, and there can be no fraudulent disposal of such property within the meaning of the attachment law. Nor did the existence of an intent to remove afford any ground for an attachment against him, with respect to this property. Until such an intent culminates in the abandonment of the property by the owner of the homestead, the creditors have no concern or interest in it, and if before he removes he sells the property, as under the statute he may, they have no right to run an attachment or execution against it, no matter for what purpose or on what consideration he conveyed it.

It is unnecessary to consider the other questions discussed in briefs of counsel, since this is decisive of the controversy. The judgment of the circuit court is reversed. All concur.