STATE *ex rel.* JOHN G. DURNER, Plaintiff in Error, v. EZRA W. KINGSBURY *et al.*, Defendants in Error.

Kansas City Court of Appeals, February 4, 1889.

Attachment: EXECUTION IN: EXEMPTION OF HEAD OF FAMILY: REMOVAL FROM STATE. An execution issued on a judgment in an attachment proceeding, the cause of the attachment being that the defendant is about to remove out of the state with the intent to change his domicil, the officer may levy upon and sell the attached personal property of the head of a family; section 416, Revised Statutes, specially providing in such cases property or wages exempt from execution shall not be exempt from attachment.

*Error to the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Robinson & Harkless*, for plaintiff in error.

The courts of appeals of this state have held that the fact that a party is about to move out of the state, with intent to change his domicile, does not forfeit his right to his exemption under the execution law. *State ex rel. v. Knott*, 19 Mo. App. 151 ; *Land v. Davis*, 88 Mo. 436 ; R. S., sec. 416 ; *State ex rel. v. Lais*, 46 Mo. 108 ; R. S., sec. 2343. The lower court failed to preserve the distinction between property subject to seizure, under *mesne* process, and property seized by virtue of final process. *State ex rel. v. Knott*, 19 Mo. App. 151. Residence or non-residence, or intent to become a non-resident, cuts no figure in the case, as to exemptions under an execution, according to the following authorities : *Sproul v. McCoy*, 26 Ohio St. 577 ; *Anthony v. Wade*, 1 Bush, 110 ; *Woodward v. Murray*, 18 Johns. 400 ; *State ex rel. v. Knott*, 19 Mo. App. 151 ; *Land v. Davis*, 88 Mo. 436 ; R. S., sec. 2343.

*L. H. Waters*, for defendant in error.

The only question is, was plaintiff entitled to claim his exemptions, under the circumstances of the case ? That the property taken was subject to attachment, there can be no question. R. S., 1879, p. 65, sec. 416 ; *State ex rel. v. Laies*, 46 Mo. 108. The cases cited by plaintiff's attorneys are not in point. In *State v. Knott*, 19 Mo. App. 151, the property had not been attached. In *Land v. Davis*, 88 Mo. 436, the attached property was a homestead. Sections 416 and 2343, Revised Statutes, 1879, should be construed together.

ELLISON, J.—This is a suit against defendant, as constable of Kaw township in Jackson county and his sureties, and the sole question presented is, whether personal property of the head of a family may be levied

The State ex rel. Durner v. Kingsbury.

upon and sold by virtue of an execution which is issued under a judgment in an attachment proceeding, the cause of the attachment being that the defendant "is about to remove out of the state with intent to change his domicile?" We answer the question in the affirmative, section 416, Revised Statutes, 1879, especially providing that in such cases property or wages exempt from execution shall not be exempt from attachment.

If we understand plaintiff's position it is this, that, notwithstanding you may levy an attachment in such case and that such attachment may be sustained on plea in abatement, as this was, yet, that unless the defendant in the attachment had in the meantime actually left the state, you could not carry out the judgment of the court by execution and would be compelled to release the property back to defendant. Such construction of the statute is wholly unreasonable and would lead to absurd results.

The case of *Land v. Davis*, 88 Mo. 436, simply decides that a homestead is not subject to attachment on the ground of the owner being about to move out of the state with intent to change his domicile. That is a different proposition from the one urged here, the result of which is, that you may lawfully attach property, sustain your attachment and then must return it to defendant or suffer a suit in damages.

The judgment is affirmed. SMITH, P. J., concurs; GILL, J., not sitting.