## PAYNE et al. v. FRALEY et al., Appellants.

Division One, November 19, 1901.

165   191|
165    31|

1.  **Homestead**: TIME OF BEGINNING: FILING OF DEED FOR RECORD.   The homestead is not exempt from attachment and levy of execution for debts contracted prior to the filing for record of the homesteader's deed, however long previously occupied by him and his family as a homestead.   So that where defendant in 1888 contracted for the purchase of land and for a deed thereto so soon as he should pay the balance of the purchase price, and he immediately moved thereon with his wife and children and they occupied it as their only home till 1893, when judgment was rendered against him for a debt contracted in 1892, and soon thereafter he assigned his contract of purchase to his wife and paid the balance of the purchase price, and the deed was made to her, with no actual consideration from her to him or to the grantor, the land is subject to levy and sale for the payment of such judgment.

2.  ————: INTERPRETATION OF STATUTES.   The rule that a liberal interpretation of statutes is always to be observed in construing statutes of exemptions, for the benefit of families, is ineffectual to strike out the letter of the statute or to work its destruction, where it is plain and unambiguous.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,*
Judge.

AFFIRMED.

*A. H. Livingston* for appellants.

(1)   Conceding, for the sake of this case, that the deed to Susan M. Fraley was fraudulent, it in nowise impaired any homestead rights.   Vogler v. Montgomery, 54 Mo. 577; Kendall v. Powers, 96 Mo. 142; Holland v. Kinder, 86 Mo. 59; Davis v. Land, 88 Mo. 436; Bank v. Guthrey, 127 Mo. 189. (2)   The decisions in this State on the homestead law, are, in the main, confusing and conflicting.   But few, if any, cases have given this law or any of its features, a definite, fair and full construction; and the case at bar being one that appeals strongly to every instinct of justice and fair dealing, appellants come, asking that a construction be put on this law that is in consonance and keeping with its objects and purposes, and not at war with every idea of justice and good conscience.   The sole purpose of the homestead law, as enacted in this and other States, was to give every head of a family a home free from all debt, all mishaps, all mistakes and misfortunes; that the home might stand as a little kingdom against the State and the world.   (3)   The narrow and limited construction, so far given this provision, defeats many of the most meritorious claims to homesteads.   If my contention as to the proper construction of this provision of the statute should be adopted, what rules of statutory construction would be violated?   It is idle to say that the statute would be abrogated, and court-made law substituted therefor.   The scope and meaning of the statute would be enlarged, and made to cover a class of cases most certainly intended to be within its province, and appealing to every idea of natural right and the most profound doctrine and conviction of equitable justice.   But, if you will, let it be court-made law.   Well it is, that it may be.   Were it not for court-made law, and just and ~nlightened judicial construction, inextricable confusion would ever reign, the hand of progress and civilization be paralyzed, and man left standing helplessly in stupidity and ignorance.   No man who has had to do with legislative enactment but knows that uncertainty, ambiguity, meaninglessness, irreconcilable conflict and stupidity are ev-

erywhere to be found.  As a rule all the courts can do is to guess at the legislative meaning and declare it the law.  Now as to the rules that may be invoked in favor of the contention sought.  "The intent of the Legislature, as contained in a statute, is the spirit of the law which the court should enforce." State ex rel. v. Hostetter, 137 Mo. 636.  Was it the intent of the Legislature that no head of a family in any case or under any circumstances, should have a homestead, unless wise enough to file the deed?  Was it the intention that all homesteads should depend upon this useless and unimportant act, when occupancy is essential in all homesteads, and possession gives notice to the world of the nature and extent of the possession claimed?  (4)  The reason of the law should prevail over its letter and general terms should be so limited as not to lead to injustice, oppression or absurd consequences.  Verdin v. St. Louis, 131 Mo. 26.  When necessary, the strict letter of the act, instrument or law must yield to manifest intent. Riddick v. Governor, 1 Mo. 147; State v. Emerson, 39 Mo. 80; Riddick v. Walsh, 15 Mo. 519; Kane v. Railroad, 112 Mo. 34; Ross v. Railroad, 111 Mo. 18; Carson-Rand Co. v. Stern, 129 Mo. 381.  Courts will always construe a law most favorable to its life and purpose.  State ex rel. v. Finn, 8 Mo. App. 341; Bank v. Skeen, 101 Mo. 683.  What is within the plain meaning and implication of a statute is as much a part of it as its strict letter.  Counce v. Munday, 3 Mo. 373; Chouteau v. Railroad, 122 Mo. 375; State ex rel. v. Storer, 126 Mo. 652; Bergan v. Russell, 127 Mo. 422; State ex rel. v. Walker, 68 Mo. App. 110.  (5)  A liberal interpretation is always to be indulged in construing statutes exempting property from execution.  State to use v. Dill, 60 Mo. 433; Wauschauf v. Masonic Ins. Co., 41 Mo. App. 206; Vogler v. Montgomery, 54 Mo. 577; Anderson's Law Dictionary, 512; True v. Morrill, 28 Vt. 674; McClay v. Bixby, 36 Vt. 257; Sears v. Hanks, 14 Oh. St. 300.  (6)  So far as I know, only in

Vermont and this State does the accrual of the homestead right depend on the filing for record the deed thereto. "It is difficult, either to understand the policy of these provisions or to discover any sense in them." Thompson on Homesteads and Exemptions, sec. 300. Heomestead in equitable estates are upheld in, Kansas: Moore v. Reaves, 15 Kan. 153; Wisconsin: McCabe v. Muzzuchelli, 13 Wis. 478; Minnesota: Wilder v. Haughey, 21 Minn. 107; Iowa: Fyffe v. Beers, 18 Iowa 11; Hewitt v. Ranken, 41 Iowa 35; Stinson v. Richardson, 44 Iowa 373; Michigan: McKee v. Wilcox, 11 Mich. 358; Illinois: Allen v. Hawley, 66 Ill. 164. (7) Possession under a verbal contract of purchase will support the homestead claim. Fyffe v. Beers, supra. And so will possession under an unexecuted written contract of purchase. Thompson on Homesteads and Exemptions, sec. 171; Farra v. Quigly, 57 Mo. 284.

*A. P. Couch* for respondents.

ROBINSON, J.—This is a proceeding by plaintiffs, as execution creditors of the defendant W. H. Fraley, to have declared fraudulent and void as against them, a certain deed, conveying the property therein named to Susan M. Fraley, the wife of, and co-defendant with, said W. H. Fraley, and that the same be ordered sold for the satisfaction of their judgment and execution against said W. H. Fraley. To the petition filed, defendants answered denying the allegations thereof, and set up that the land was exempt from execution under the homestead laws of this State. It is upon the question alone of defendants' rights under the statutes concerning homesteads that this appeal is prosecuted. The facts, that were undisputed at the trial, are that the defendant, W. H. Fraley, purchased the lots in controversy on September 22, 1888, of one George W. Nettleton, taking a written contract for a deed on payment of $105, the purchase price thereof; that shortly

thereafter he paid Nettleton for said. lots and at once built a dwelling house thereon, worth six or eight hundred dollars, in which he with his family have ever since lived and occupied the same as their only home; that on October 25, 1893, said W. H. Fraley assigned said written contract with said George W. Nettleton to his wife, Susan M. Fraley, for the expressed consideration of one dollar, but in fact without any consideration being paid therefor, and that on the same day said Nettleton made and executed and delivered to defendants a deed conveying the lots named in said contract to the defendant, Susan M. Fraley, and the same was afterwards on November 14, 1893, placed of record in the recorder's office of Oregon county; that on August 30, 1893, the plaintiffs recovered a judgment in the circuit court of said Oregon county against the defendant, W. H. Fraley, for $105.78 upon a debt contracted in August, 1892; that execution was duly issued upon said judgment, which had been returned by the sheriff of the county wholly unsatisfied, and that said judgment was still unpaid at the time of the trial of this suit; that the defendant, W. H. Fraley, is now and has been the head of a family since 1888, consisting of four children and his wife (his co-defendant in this suit) ; and that at the time of the levy of the execution aforesaid and at the time of the trial herein he had no other property of any kind, real, personal or mixed; and that the lots in controversy, with the buildings thereon, were at the time worth not to exceed one thousand dollars.

As said, there were no controverted facts developed in the trial of the cause, and defendants appellant, by this appeal, seek to reverse the judgment of the trial court in favor of plaintiffs upon the sole proposition, that the property in suit, as the homestead of the defendant, W. H. Fraley, was not subject to be sold in satisfaction of plaintiffs' execution. Counsel for appellants seek to show that the letter of the homestead act should be made to yield to what he designates its manifest purpose, by a process of reasoning to the effect that, whereas

occupancy is so all-essential to a homestead right, and whereas possession gives notice to all the world of the nature and extent of that right, therefore, the homestead of a party should be secured from the time the head of the family purchases, moves upon, and occupies, a place as his or her home, and not from the time he or she files for record his or her deed evidencing the right to, and ownership of the property. While confessing my inability to appreciate the logic of appellant's contention, it may yet be good, if addressed to the legislative branch of the government, to effect the much needed change in the law, but to the court whose office ends with the interpretation of a law, as written, it is wholly ineffectual. And, further, while recognizing the correctness of the suggestion of appellants that a liberal interpretation is always to be indulged in construing statutes of exemptions, for the benefit of families, and that what is within the plain meaning and implication of such statutes is as much a part of them as its strict letter, yet these rules of interpretation are also wholly ineffectual to strike out the letter of an act, or to work their destruction, when they are, as in the act in question, plain and unambiguous. The language of the statute creating and confirming the homestead right in this State, is, in its terms, no more definite and certain, than the time when the acquisition of such right is to be reckoned; in determining its liability or non-liability to attachment and levy. It reads, "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided; and for this purpose such time shall be the date of the filing in the proper office for the records of deeds, the deed of such homestead, and when the party holds title under a deed, but when he holds title by descent or devise, from the time he becomes invested with the title thereto." [Sec. 3622, R. S. 1899.] Such language can have but one meaning, and there is no occasion for interpretation.

This court, whenever called upon to consider the statute,

has always held that the time of acquiring a homestead, so far as affects the question of its liability or non-liability to levy or attachment, dates from the filing of the homesteader's deed for record. It follows from the foregoing observations, that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.