MARY M. JARBOE, Respondent, v. VERNON
JARBOE, Defendant; KANSAS CITY, MIS-
SOURI, GAS CO., Appellant.

**Kansas City Court of Appeals, March 7, 1904.**

1. **Definitions: Family: Head of.** A family is a collective body
of persons who live in one house under one management
and the one who contracts, supervises, and manages the affairs
about the house is the head of the family though not necessarily
a father or husband.

2. **EXEMPTIONS: Judgment for Alimony: Wages: Garnishment.**
A month's wages are exempt from the levy of an ordinary exe-
cution on a judgment for alimony rendered in favor of the wife
in a suit for maintenance in the same manner, and to the same
extent as in the case of the execution on any other judgment,
and are, therefore, not subject to garnishment.

3. ————: **Wages: Fraud: Creditors.** A husband is not guilty of
fraud in providing that his wages shall be paid monthly in ad-
vance in order to defeat his wife's claim or that of any other
creditor, since creditors have no interest in exempt property.

Appeal from Jackson Circuit Court.—*Hon. James
Gibson,* Judge.

REVERSED.

*Gage, Ladd & Small* for appellant.

(1)   The court erred in refusing garnishee's first
instruction, because if defendant Jarboe was the head
of a family, as predicated in said instruction, his wages
were exempt from garnishment, even against his wife's
execution for alimony. Maag v. Williams, 92 Mo. App.
674, overruling Kaufman v. Wilkinson, 46 Mo. App.
646, and following Bifle v. Pullman, 114 Mo. 50.   (2)
That defendant Jarboe was the head of a family if he

was a housekeeper and supported his mother, invalid sister and minor brother as part of his family, is beyond question.    Wade v. Jones, 20 Mo. 75; Duncan v. Frank, 8 Mo. App. 286; Baldwin v. Thomas, 72 S. W. 53; State v. Slater, 22 Mo. 464; Ridenour, etc., Co. v. Monroe, 142 Mo. 170; State v. Kane, 42 Mo. App. 253; Brown v. Brown, 68 Mo. 388; Whitehead v. Tapp, 69 Mo. 415; Broyles v. Cox, 153 Mo. 248.    (3)    His monthly wages were not only exempt but he is entitled to $300 in addition.    He could claim his wages to the extent of $300 in addition to his last month's wages as exempt.    Bank v. Borgfeld, 93 Mo. App. 62.

*C. A. Burney* and *George Kingsley* for respondent.

(1)    The judgment which is the basis of this garnishment proceeding is a judgment *pendente lite* in favor of the plaintiff, who is defendant's wife, for support and maintenance, rendered in a suit by the wife to secure an allowance for her maintenance, as provided by the statutes.    As long as plaintiff is defendant's wife she is a part of defendant's family and he is the head of it.    And, this is so, even though they do not live together.    Brown v. Brown, 68 Mo. 388.    (2)    But garnishee contends that defendant is the head of a family consisting of his mother, his brothers and his sister.    None of these persons have any legal claim upon defendant for support. We concede, however, that one may be the head of a family if he actually provides for and supports persons who live with him, even though they have no more than a moral claim upon him, and if in addition he controls, supervises and manages the affairs about the house over which he presides.    Grocery Co. v. Monroe, 142 Mo. 165.    (3)    But defendant is the head of a family of which his wife is a part.    He can not be the head of two families.    He is either the head of a family consisting of his wife alone, or he is the head of a family consisting of wife, brothers, sisters and mother.    (4)    If the allow-

ance of the wife's claim out of the money owing defendant, in the hands of the garnishee would deprive the defendant's sister, brothers and "the mother that bore him;" of their daily bread, the court might be inclined to protect the other dependents of the husband, even though they had no legal claim upon him. But it is idle to try to elicit sympathy for the mother, sister and brothers in this case, when it appears that the defendant is getting $100 a month, and one of his brothers is getting $35 a month; and the judgment in favor of the wife is only for $5 a week. (5) It is the settled law of this State, that an execution and garnishment, issued under a judgment in favor of a wife against her husband for support and maintenance, can not be defeated by a claim of exemption on the ground that the husband is the head of a family consisting of his widowed mother and his sisters. Spengler v. Kaufman & Wilkinson, 46 Mo. App. 644. This case is squarely in point. Garnishee contends that Maag v. Williams, 92 Mo. App. 674, is in confllict with the Spengler case. But it is clear from a perusal of the two cases, that there is no conflict.

BROADDUS, J. — Plaintiff began proceedings against defendant Jarboe, her husband, for maintenance, and on the nineteenth day of October, 1901, obtained a judgment for alimony *pendente lite*. Defendant failing to pay the judgment, on April 22, 1902, execution was issued against him under which the Kansas City, Missouri, Gas Company was summoned as garnishee. Interrogatories were duly filed and the garnishee answered denying that it had in its possession or under its control any money, property or effects of defendant, or that it owed him anything at the time of garnishment or since. Plaintiff filed denial to said answer and set up, among other matters, that at the time of the garnishment there was due defendant for wages by garnishee the sum of $100, and that at the time of filing its answer, garnishee owed defendant as wages the

sum of $400 then due, but that garnishee claims that it was not indebted to defendant by reason of an agreement to pay defendant wages in advance, but if any such agreement was made it was made in collusion with defendant for the purpose and with the intent to cheat and defraud plaintiff out of her just claim and to place defendant's salary out of the reach of the process of the court. The garnishee's answer was a general denial and that when the garnishment was served and its answer filed and for a long time prior thereto, the defendant was a resident of Missouri, an employee of garnishee on wages payable monthly, and the head of a family consisting of his widowed mother, two brothers and an invalid sister, all of whom lived with and were dependent upon defendant for support, and all of whom defendant supported from his monthly wages and still supports them from said wages, which said wages garnishee paid from month to month to defendant as such head of a family, said wages being exempt and not subject to garnishment, and that garnishee was never indebted to defendant on account of anything except wages, nor for more than thirty days' wages earned as an employee of garnishee; and further, that said wages were made payable to defendant by the terms of his employment from month to month in advance; that said wages had been so paid to said defendant in advance for a long time prior to the garnishment, were paid in advance at the time of the service of the garnishment and have been so paid in advance at all times since; and that said wages are exempt from execution and garnishment.

There is no dispute that the contract between defendant and garnishee was other than that his wages were to be paid monthly in advance. The defendant was called as a witness for plaintiff. He was asked why he made such a contract. His answer was that his wife was suing him and was trying to make all the trouble she could and he told garnishee that unless they paid him in advance he would not work for them any longer

and that he had another position offered him; that "I told them my wife was making trouble and I would have to be paid in advance." He was asked: "Did you explain to him (agent of garnishee) why? A. No, I did not explain any whys and wherefores. Of course, he understood that." He also testified that he "kept house" and that his family consisted of his mother, sister and two minor brothers; that one of his brothers was earning a salary but the other was not; that the sister was an invalid; that the persons named, with the exception of one brother, were dependent upon him for support; and that he furnished the groceries and money to support the family.

The finding and judgment were for the plaintiff.

The conclusion is evident that defendant's purpose in providing by the terms of his employment for the payment of his wages monthly in advance was to defeat the collection of his wife's judgment for maintenance and that garnishee's officers were aware of such purpose.

The appellant's position is, that as Jarboe was the head of a family his wages were exempt from garnishment; and such wages being exempt, any disposition which he might make of them was not in fraud of creditors.

Plaintiff denies that defendant is the head of a family. A family has been defined as, "a collective body of persons who live in one house under one head or manager." A head of a family is, "one who contracts, supervises and manages the affairs about the house, not necessarily a father or a husband." Ridenour Grocery Co. v. Monroe, 142 Mo. 165. The defendant, it seems, furnished a home for himself and his mother, two minor brothers, an invalid sister and furnished the groceries and money for their support. The position he occupied with reference to his brothers and sister corresponded closely with that usually held by the father when the head of a family. And that defendant was the head of a family there can be no doubt.

But notwithstanding he was the head of a family, it is contended that under the holding in Spengler v. Kaufman, 46 Mo. App. 649, his wages were not exempt from execution issued on a judgment in favor of his wife. It was there held: "While a man who lives with and supports his widowed mother and his sister is ordinarily deemed to be the head of a family . . . still he is not to be so considered when the claim of exemption in invoked against an execution issued under a judgment which his wife has obtained against him for maintenance since the allowance of this claim would be a perversion of the purposes of the statutes." This was a decision of the St. Louis Court of Appeals but is no longer understood by that court as being the law, it having later overruled said decision. Maag v. Williams, 92 Mo. App. 674. The holding in the latter case being that the former "engrafts upon the statutes of exemptions an exception to the protection they were designed to secure to every head of a family, and is judicial legislation, and is opposed to the decision of the Supreme Court in the case of Biffle v. Pullam, 114 Mo. 50, wherein it was held: 'A homestead was exempt from the levy of an ordinary execution issued on a judgment for alimony rendered in favor of the wife in a divorce suit in the same manner and to the same extent as in the case of execution on any other judgment.' "

But plaintiff contends that in Maag v. Williams the execution was issued on a final judgment for divorce and alimony at which time the plaintiff was not the wife and member of defendant's family, and for that reason the decision does not apply to this case, as the wife was undivorced and, legally speaking, a member of his family. But we do not think so as the statute provides for no such exemptions and, as was held in the Maag case, supra, such construction would in effect be in the nature of "judicial legislation."

As defendant's wages for the preceding month and $300 in addition were exempt from execution he was not

guilty of fraud in providing that his wages should be paid monthly in advance in order to defeat his wife's claim, or that of any other creditor. Creditors have no interest in exempt property. Bank v. Guthrey, 127 Mo. 189; Davis v. Land, 88 Mo. 436.

The case seems too clear for comment. For the reasons given it is reversed. All concur.