J. W. BAGBY ET AL., RESPONDENTS, v. G. S. KIRBY, DEFENDANT; FRED J. KREISEL, GARNISHEE, APPELLANT.—35 S. W. (2d) 54.

Kansas City Court of Appeals.    January 5, 1931.

*F. M. Brady* for respondent.

*Bohling & Bohling, Henry C. Salveter* for appellant.

ARNOLD, J.—This is an appeal from a judgment for $250, rendered in the circuit court of Benton county, Missouri, against the appealing garnishee, in favor of plaintiffs.

The facts shown of record are that at the general election in 1922, defendant Gilbert S. Kirby was elected collector of Benton county, Missouri, that he was re-elected in 1926, and continued as such collector until March, 1928, when it was discovered he was a defaulter.

Plaintiffs herein were his bondsmen for both said terms. On the discovery of Kirby's defalcation, his bondsmen were called upon to make good the shortage. Defendant absconded shortly before March 24, 1928, and on that date, the bondsmen brought suit against Kirby for $15,000, and in aid thereof sued out a writ of attachment, with statutory affidavit and bond. Under the writ defendant's real estate was attached and a number of banks and individuals, including appellant herein, were garnisheed. The record shows Kirby owned a farm in Benton county, Missouri, and on March 1, 1928, he and appellant Kreisel entered into a contract whereby Kreisel was to operate the farm from March 1, 1928 to March 1, 1929. Under said agreement they were joint owners of some farm machinery and other property. This property was attached under the writ sued out on March 24, 1928, and on the same day summons was served on Fred J. Kreisel as garnishee, said summons being as follows:

"To Fred Kreisel, Garnishee:

"You are hereby notified that I attach in your hands all debts due by you to the defendant and all property in your hands in which the defendant, Gilbert S. Kirby, has an interest, in the above entitled cause, or so much thereof as will be sufficient to satisfy the sum of fifteen thousand dollars and —— cents, with interest and costs of suit; and to be and appear before the circuit court of Benton county, to be holden at the court house in the city of Warsaw, in the said county of Benton, on the second Monday of June, 1928, then and there to answer such allegations and interrogatories as may be exhibited by the plaintiffs in the above entitled cause.

"Witness my signature, this 24th day of March, 1928.

"THOS. G. PROVINCE, Sheriff of Benton county, Missouri."

To which the sheriff made the following return:

"Sheriff's Return.

"State of Missouri, county of Benton, ss.

"I executed the within writ in the county of Benton and State of Missouri on the 24th day of March, 1928, by delivering a copy of the same to the within named Fred Kreisel, and by declaring to him that I attached in his hands all debts due by him to Gilbert S. Kirby and that I attached in his hands all goods and chattels, money and evidences of debt in his possession belonging to Gilbert S. Kirby or which he may have an interest, a list of said property being hereto attached. Witness my hand this 24th day of March, 1928.

"Fee ...............$1.00
"25 mi. ............. 2.50
                   ————
              · $3.50

"THOS. G. PROVINCE, Sheriff of Benton county, Missouri."

On June 11, 1928, at the June term of the Benton circuit court, said Kreisel was ordered to appear and answer certain interrogatories. The sheriff made return that he served the writ of attachment at the county of Benton, State of Missouri, "by attaching certain personal property, described in 'Exhibit A,' hereto attached, marked 'Exhibit B,' said property was sold at public sale for $15,929.11, as appears by clerk's bill hereto attached, marked 'Exhibit C,' out of which sum I have paid expenses as follows: (Here follows a list of expenses in the total sum of $151.80.) Leaving a balance of such proceeds in the sum of $15,777.31."

The return further states that on March 24, 1928, the sheriff attached in the hands of Fred J. Kreisel—"all of the right, title and interest of the defendant Gilbert S. Kirby, in the partnership assets of the firm of Kirby and Kreisel, and summoned the said Fred J. Kreisel, as garnishee; that thereafter under an agreement of the parties hereto the said Fred J. Kreisel sold said assets and after paying the partnership debts and the expenses of sale paid me the sum of $1,128.58, all of which appears from the answer of the said Fred J. Kreisel, filed in this cause. That on the 26th day of March, 1928, I attached as the property of the defendant one Pontiac coach automobile, which the defendant, with the consent of the plaintiffs on the 9th day of June, 1928, sold for the sum of $500, which has been paid to me."

The return also recites that the sheriff levied upon 318 acres of land more or less, in Benton county, Missouri, belonging to defendant Kirby, by notifying Fred J. Kreisel, actual tenant thereon. The return names other persons and corporations served with garnishment which need not be stated here. The return is dated June 11, 1928.

On February 13, 1930, the following document was served on Kreisel, by the sheriff of Pettis county, Missouri:

"Notice of intention to file denial of answer of garnishee, and to have the issue called up for trial. To Fred J. Kreisel, the above named garnishee:

You are hereby notified that the above named plaintiffs will, on Monday the 17th day of February, 1930, the same being the first day of the regular February, 1930 term of the circuit court of Benton county, Missouri, file in said court their denial of the answer heretofore filed by you as garnishee in the above entitled cause, a copy of which said denial so to be filed is herewith attached, and to the contents of which you will take due notice; and you are further notified that said plaintiffs will thereupon ask said court to set down for trial at said February, 1930, term of said court the issues raised by such denial, to the end that a final determination thereof may be had at said term of said court.

"Dated this 8th day of February, 1930.

"F. M. Brady, Attorney for plaintiffs."

At the February term, 1930, of said court, denial of the answer of garnishee Kreisel was filed. The said denial recites that the garnishee, by his answer filed therein, has not accounted for all the property belonging to defendant Kirby or in which he had an interest at the time of the service of summons to said garnishee, and at the time of filing said answer at the June term, 1928, of the Benton county circuit court; denies that garnishee has fully accounted for all property that has come into his hands belonging to defendant or in which he had an interest prior to the date of filing such answer; alleging facts to be that at and prior to the date of filing such answer, the garnishee had in his possession about fifty gallons of lubricating oil of the reasonable value of $30; 100 gallons of gasoline of the reasonable value of $20, belonging to defendant Kirby, and one Fordson tractor in which defendant Kirby owned an undivided one-half interest of the value of $450; and as further denial plaintiffs state that if by any understanding or arrangement between defendant and garnishee the garnishee had attempted to purchase the above described property from defendant, prior to the date of filing said answer, plaintiffs allege that upon the date of filing said answer, garnishee was indebted to the defendant in the sum of $500, for which garnishee has wholly failed to account; that garnishee has kept and retained said property, and has paid nothing therefor.

Thereafter and on February 17, 1930, garnishee Kreisel filed his plea in abatement and as grounds therefor says: (1) That on April 1, 1928, he was garnishee in this cause and cited to appear at the June term of the court, 1928, and answer interrogatories; that interrogatories were propounded to him therein, and he filed answer thereto; that no exceptions or denials were filed to his said answer; that at said term of court he paid over to the sheriff $1058.58; that said sum was the balance left in his hands after paying out certain sums for feed and expenses, etc., under agreement of parties hereto; that no steps were taken by plaintiffs at the October term, 1928, of said court, nor at the February, June or October, 1929, terms; nor was the matter continued by the court at any of said terms; that on the 14th day of February, 1930, plaintiff filed a pretended answer and denial to garnishee's answer to interrogatories. (2) That plaintiffs, by their acts of permitting the case to remain on the docket from term to term without having it continued and failing to file answer to the garnishee's answer to interrogatories, abandoned their suit against the garnishee. (3) The court has lost jurisdiction against the garnishee in this case.

The respective attorneys for plaintiffs and the garnishee then agreed that the case against the garnishee was not continued on the court's record from term to term; that at the end of said terms no general continuance was entered of all cases not disposed of at such term; that in the meantime plaintiffs were negotiating with garnishee in an attempt to settle the difference between them. It was further agreed that no reply to the answer of garnishee to the interrogatories was filed until the term at which the stipulation was filed. The court overruled the motion to abate and the garnishee filed his exceptions thereto. It was then agreed that the cause be continued to the June term, 1930, and the garnishee given leave to plead further. On February 20, 1930, garnishee presented his term bill of exceptions, the same was signed, filed and made a part of the record. On June 9, 1930, garnishee filed a further plea in abatement and, as grounds therefor stated (1) that on March 24, 1928, he was garnishee herein and was summoned to answer interrogatories at the June term, 1928; that the interrogatories were filed at said June term and that he made answer thereto at said term; by agreement of parties, he paid the sheriff of Benton county $1128.58, and was discharged as garnishee; that said proceeding in garnishment was ended and "he pleads that said proceedings and judgment ended in full satisfaction the cause now sought to be revived against him." (2) That on February 12, 1930, a notice was served on him signed by F. M. Brady, bearing the same title as the cause in issue, requesting him to appear on the first day of the February term, 1930, and notifying him that plaintiffs had filed denial of his answer in the suit tried at the June term, 1928, and alleging that this garnishee had in his possession about fifty gallons of lubricating oil of the value of $30; 100 gallons of gasoline of the reasonable value of $20, belonging to defendant Kirby, and one Fordson tractor in which said Kirby owned an undivided half interest of the value of $450; that said notice so issued by said attorney did not give the court jurisdiction of garnishee. (3) That none of the property mentioned in said notice was attached by the sheriff on March 24, 1928. (4) That he did not have possession or under his control on March 24, 1928, one Fordson tractor mentioned in said notice. Wherefore garnishee asks that this proceeding against him be abated.

The second plea in abatement was overruled and on June 12, 1930, a jury was waived and the cause was submitted to the court upon the issues made by the denial of the answer of garnishee and garnishee's reply thereto. The court found—"that at the time of and before the said garnishee filed his answer in this proceeding, he had in his possession property belonging to the defendant of the reasonable value of $250 that he has failed and refused to account

for and that he has converted the same to his own use . . . and it is therefore ordered . . . that garnishee Fred J. Kreisel pay into the court the sum of $250, for the use and benefit of plaintiffs, being the reasonable value of the property in his hands at the time of filing his answer as garnishee and for which he has ever failed and refused to account.''

The judgment is as follows:

''It is therefore considered, ordered and adjudged by the court that the plaintiffs have and recover of and from the said garnishee, Fred J. Kreisel, the sum of $250, together with their costs in this behalf expended and that execution issue therefor.''

A timely motion for a new trial was overruled and the garnishee has appealed.

The first point urged is that the court erred in overruling appellant's plea in abatement, since there was nothing done after appellant paid over the sum of $1128.58 to the sheriff at the June term, 1928, and the cause against appellant was not continued at the October term, 1928, the February term, the June term and October term, 1929, the court lost jurisdiction of the cause.

In support of this position appellant cites the case of Weaver v. Woodling, 272 S. W. 373, an opinion by this court of which the writer of this opinion was the author and which he considers good law; but, unfortunately for appellant's contention, the Supreme Court overruled that opinion in Ferber v. Brueckl et ux., 17 S. W. (2d) 524. Whatever we may think of the soundness of that ruling we are required to follow it. In the present case it is argued no special order of continuance of this cause was entered; neither was there a general order of continuance of all cases undisposed of at the close of each term intervening between the origin of the suit and its final hearing. In the Ferber case the Supreme Court holds, in effect, that ''discontinuance,'' generally speaking, is failure to continue the case regularly from day to day and from term to term from the commencement of the suit until final judgment; that discontinuance of a case results where there is necessity of promptly entering continuances from day to day, or term to term of court, and such entry is not made. Under the ruling in the Ferber case, we are of opinion the court did not err in overruling the plea in abatement for the reasons urged therein.

In this connection it is argued that until the court acquired jurisdiction of the tractor, it had no authority to render judgment for plaintiff in respect to it. (Citing numerous cases.) This we consider elementary law and we do not understand the garnishee is refuting it. Plaintiffs argue, and properly so, that under the provisions of section 1849, Revised Statutes 1919, notice of garnishment has the effect of attaching all personal property, money,

rights, credits, bonds, bills, notes, drafts, checks or other choses in action in the possession and charge of the garnishee, or which may come into his possession as the property of defendant. In McEwen v. Bank, 5 S. W. (2d) 702, this court held that after service of garnishment, property in the hands of the garnishee is regarded as *in custodia legis*. It is admitted by plaintiffs that garnishee did not have possession of the tractor in question at the time the summons of garnishment was served on him, to-wit, March 28, 1928. The testimony shows, however, that it did actually come into his possession and control thereafter, and before the garnishee filed his answer. The testimony on this point shows that during the time the garnishee and defendant Kirby were jointly engaged in operating the Kirby farm, Kirby bought of the Ryan Motor Company at Warsaw, Missouri, a Fordson tractor and gang plow and some gasoline and oil with which to operate the same. Kirby paid approximately one-half the purchase price, or $385, and the rest was charged to him on open account. The Ryan company claimed title was to remain in them until the account was fully paid. On March 24, 1928, or just prior thereto, the Ryan company learned Kirby had absconded and plaintiffs were about to attach the said tractor and plow, whereupon they went to the Kirby farm, took possession of the property and stored it in a garage at Lincoln, Missouri. Kirby was not present and knew nothing of the transaction whereby the property was reclaimed by the Ryans. It appears the garnishee was summoned on that day (March 24, 1928), but it is not contended he had the tractor and plow in his actual possession at the time summons of garnishment was served.

The evidence shows Kirby returned three or four days after the Ryans had taken the property and he and Kreisel went to them and arranged for delivery of the property to Kreisel on payment by him of the rest of the purchase price which was reduced $5. The garnishee then paid the $380, and Kirby prepared a bill of sale transferring title on the property to Kreisel and the Ryans and Kirby signed it. This transaction occurred March 29, 1928, and garnishee filed his answer at the June term, 1928, of the court. This answer is not set out in the record but is referred to in the briefs, and is admitted to have been filed. Therefore it may be considered as having been filed. It also appears the answer was filed after the property in dispute came into garnishee's possession. There was a denial of garnishee's answer filed February 14, 1930, after notice of intention to file denial.

The garnishee seems to base his contention upon the ground that by virtue of the bill of sale above mentioned, the tractor and plow belonged to him when the answer was filed. Under the evidence the trial court held, and properly so, we think, that a one-half in-

terest in the property belonged to Kirby at the time the garnishee's answer was filed. This view is supported by section 1849, Revised Statutes 1919, and by our ruling in thé McEwen case supra. This ruling also disposes of garnishee's contention that his second plea in abatement should have been sustained.

We find no reversible error of record, and the judgment is accordingly affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.