Lois FERNEAU (now Biechele) (Plaintiff), Appellant,

v.

ARMOUR AND COMPANY, an Illinois corporation, Garnishee of Jack D. Ferneau (Defendant), Respondent.

No. 29617.

St. Louis Court of Appeals.

Missouri.

June 4, 1957.

Nelson E. Johnson, Kansas City, Forrest C. Donnell, St. Louis, for appellant.

Walther, Hecker, Walther & Barnard, Hugo M. Walther, St. Louis, Kenneth S. Lay, Clayton (for Jack D. Ferneau), for respondent.

HOUSER, Commissioner.

Garnishment. The circuit court exempted 90% of the wages attached under a writ of garnishment issued in aid of execution of a judgment for alimony and child support. The judgment creditor has appealed from the judgment allowing the exemption.

In November, 1942 the Circuit Court of the City of St. Louis granted Lois Ferneau, plaintiff, a divorce from Jack D.

Ferneau, defendant, and awarded plaintiff alimony and child support. The judgment, as modified on December 5, 1942, made monthly allowances in favor of plaintiff of $20 for child support and $10 for alimony. In the years that followed $105 was paid on the judgment. At the time plaintiff instituted garnishment proceedings defendant owed plaintiff $3,730 on this judgment, consisting of $1,243.33 for alimony and $2,486.67 for child support. Proceedings for the revival of the judgment of December 5, 1942 resulted in a judgment dated April 14, 1953 finding "that heretofore to-wit on the 19th day of November, 1942 plaintiff herein recovered a judgment against the above named defendant for $5.00 per week support of Janice, minor child of the parties, and $40.00 per month alimony and $50.00 attorney fees, together with court costs, and on the 5th day of December, 1942 said decree was modified and $20.00 per month for support and maintenance of minor child Janice and $10 per month as and for alimony, upon which judgment the above named defendant has paid the amount of $105.00 and the amount of $50.00 as and for attorney fees" and adjudging "that the judgment of December 5th, 1942 for the sum of $10.00 per month with interest at the rate of 6% per annum on $10.00 from January 5th, 1943 and on each sum thereafter due or to become due by the terms of the modification so made on December 5th, 1942 from due date by said modification fixed and determined of such sum, together with costs, be and the same is hereby revived against the defendant and the lien thereof continued according to law and that execution issue therefor and for the costs of this proceeding."

On June 3, 1953 a writ of execution based upon the modified judgment and a writ of garnishment in aid thereof were served on Armour and Company, as garnishee, at its offices in the City of St. Louis. The writ, returnable the first Monday of the December, 1953 term of the circuit court, attached all moneys "which you may have belonging to" defendant, summoned garnishee to answer therefor and attached "all debts due to said" defendant "or so much thereof, as shall be sufficient to satisfy the debt, interest and cost in the above entitled-cause." The sum earned by defendant and unpaid to him on June 3, 1953 ($47.91), plus the amount earned by him between that date and December 15, 1953, totaled $2,702.71.

At the time the divorce was granted both parties were residents of Missouri. On June 3, 1953 and throughout the instant proceedings plaintiff was a resident of Missouri. On that date defendant was and for the six years prior thereto had been a resident of the State of Nebraska.

On December 15, 1953 garnishee filed answer to plaintiff's interrogatories stating that it had $261.32 wages due defendant as its employee; that defendant (who had remarried and had five children by his second wife) was the head of a family and under Revised Statutes of Nebraska 1943, § 25–1558, claimed an exemption of 90% of his wages from garnishment; that $261.32 was the total amount withheld from defendant's wages after the 90% exemption. On December 18, 1953 plaintiff filed a denial of garnishee's answer stating that the total sum had by garnishee was $2,613.20 and that under neither Nebraska nor Missouri law was defendant entitled to any exemption.

On September 20, 1954 on plaintiff's application for an order nunc pro tunc the circuit court ordered "that the judgment of November 19th, 1942, as modified on December 5th, 1942 for the sum of $20.00 per month as. and for the support of and maintenance of minor child and $10.00 per month as and for alimony, with interest, etc. * * * be and the same is hereby revived against the defendant and the lien thereof continued according to law, and that execution issue therefor and for costs * * *."

Garnishee moved unsuccessfully to quash the writ of garnishment on the

ground that it was voided by the nunc pro tunc order of September 20, 1954.

On May 23, 1955 garnishee filed its reply to plaintiff's denial of garnishee's answer. Garnishee denied the applicability of Missouri exemption law, asserted defendant's right to the 90% exemption afforded by the Nebraska statute and set up a court order in the case of Jack Ferneau v. Armour and Company in which the District Court of Douglas County, Nebraska declared that defendant's wages "are not subject to garnishment in excess of 10% pending the order of a court of competent equitable jurisdiction in" Nebraska.

At the time of the trial of the garnishment action the minor child of plaintiff and defendant was 16 years of age. She had lived with and had been supported by plaintiff since she was 3½ years old.

The trial of the garnishment action below resulted in an order finding that defendant, a resident of Nebraska and the head of a family, was entitled to an exemption as such under the Nebraska statute exempting his wages in excess of 10% from garnishment, and a finding that after deducting defendant's exemption of 90% garnishee at the time of the service of the writ and since had become indebted to defendant in the amount of $270.27, which the court ordered garnishee to pay into the registry of the court, etc. From this judgment plaintiff appealed.

The first point relates to the validity of the writ of garnishment. Was it voided by the nunc pro tunc order? Garnishee attacked the writ by motion in the trial court and kept the point alive in its brief here. The point is that while the judgment of revivor, upon which the writ of garnishment issued, referred to the $10 alimony allowance it did not refer to the $20 child support allowance so that upon the entry of the subsequent nunc pro tunc order adding the $20 child support allowance the writ of garnishment was voided. Garnishee claims

that the debt to be satisfied under the writ of garnishment was the judgment as revived, which did not include any amount for child support and which could not be the judgment as amended nunc pro tunc. Garnishee further claims that its rights intervened between the date of the revivor judgment and the date of the nunc pro tunc order; that the latter could not relate back but would be effective only from the time of its actual entry; that the writ of garnishment does not conform to the judgment as changed by the nunc pro tunc order; that the writ describes a judgment different from the judgment upon which plaintiff relies; that the writ of garnishment fell when the judgment upon which it was based was destroyed by the nunc pro tunc order.

■■■ This point is without merit. The flaw in the argument is the error in the basic premise that the execution and writ were issued to enforce or were based upon the judgment of revivor. A writ of scire facias is not an original action or a new suit resulting in a new judgment. It is a mere continuation of the former proceeding, ancillary thereto, resulting in a revival of the original judgment. The order in the scire facias proceeding gives the original judgment new vitality, and makes it possible to issue a new execution on the revitalized original judgment. Humphreys v. Lundy, 37 Mo. 320; Goddard, to Use of Hyde v. Delaney, 181 Mo. 564, 80 S.W. 886; Beattie Mfg. Co. v. Gerardi, Mo.Sup., 214 S.W. 189; Flink v. Parcell, 344 Mo. 49, 124 S.W. 2d 1189. Accordingly, a writ of garnishment to enforce payment following a proceeding for revival under a writ of fieri facias is founded upon and is issued to enforce the original judgment and not to enforce the judgment of revivor. The judgment of revivor need not (indeed it is preferable that it do not) recite the terms and provisions of the original judgment. The proper form of revivor judgment is a simple recital of the fact that the original judgment is revived and is still in force for the amount remaining unpaid. Kennedy v. Boden, 241 Mo.App. 86, 231 S.W.2d 862. Leav-

ing out surplusage the revivor judgment of April 14, 1953 adjudged that "* * * the judgment of December 5, 1942 * * * be and the same is hereby revived * * *." Its effect was to revive and give new vitality to the original judgment of November 19, 1942, as modified December 5, 1942, *in toto* and not only as to the alimony provision. The omission in the judgment of revivor of a part of the terms and provisions of the original judgment did not prevent the revival of the entire original judgment. The nunc pro tunc proceeding did not destroy the judgment of revivor, or "expand" either the judgment of revivor, the writ of garnishment, or the judgment of December 5, 1942, as contended. The effect of the nunc pro tunc proceeding was to correct an error in the judgment of revivor, but it did not affect the force or validity of the writ of garnishment previously issued. The cases of Coe v. Ritter, 86 Mo. 277, and McClannahan v. Smith, 76 Mo. 428, cited in support of garnishee's contention that the rights of third parties have intervened between the date of the original judgment and the issuance of the nunc pro tunc order, are not applicable. Garnishee does not stand in the position of an innocent purchaser of realty for value without knowledge of facts authorizing the correction of a prior judgment affecting the realty. The rights of garnishee were not adversely affected by the nunc pro tunc proceeding. The lower court properly overruled garnishee's motion to quash the writ of garnishment.

The next point relates to the amount of wages attached by the writ of garnishment. The question is whether the writ attached only those wages owing at the time the writ was served or, in addition, all wages accruing to the time of the filing of garnishee's answer. Garnishee insists that the form of the writ was insufficient to attach future wages; that garnishee's liability is limited to whatever was described in the writ and no more; that this particular writ attached only the wages owing to defendant at the time of the service of the writ ($47.91) but no wages coming due thereafter.

Section 525.040 RSMo 1949, V.A.M.S. provides: "Notice of garnishment * * * shall have the effect of attaching all personal property, money, rights, credits, * * * or other choses in action of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, between that time and the time of filing his answer; * * *." By the wording of the instant writ the sheriff attached in the hands of garnishee "all goods, chattels, moneys or evidences of debt which you may have belonging to the said defendant * * * and further * * * all debts due to said defendant * * *."

The point is disallowed. The language of the instant writ did not limit that which was attached to that due *at the time of the service of the writ.* When the provisions of the writ above quoted are considered in connection with the previous sentence, which summoned garnishee to appear before the circuit court at the return term to answer such interrogatories "as may be exhibited and propounded" touching its indebtedness to defendant, it may fairly be inferred that not only existing moneys, etc. and debts were attached but also moneys, etc. and debts which were to become due by the time garnishee was required to answer the interrogatories *to be exhibited and propounded.* Section 525.040, supra, expressly provides that the garnishment shall "have the effect" of attaching all money, rights, credits, etc. which *may come* into garnishee's possession or charge or under garnishee's control "between that time and the time of filing his answer." Garnishee frankly concedes "that the form of writ served upon garnishee is one that has been used by the circuit clerk's office for a long period of time and that the courts and lawyers have assumed that it is sufficient to reach future earnings." We conclude that the language of the instant writ had the effect of attaching not only wages which had accrued at the time of the service of the writ but also wages which accrued thereaft-

er and up to the time of the filing of garnishee's answer. Bagby v. Kirby, 225 Mo. App. 1190, 35 S.W.2d 54; Stevenson v. Standard Adding Mach. Co., 150 Mo.App. 555, 131 S.W. 162.

■ The next point involves the conflict of laws. What law governs the question of exemptions in garnishment proceedings in aid of execution of a judgment for alimony and child support in a divorce case: the law of Missouri where judgment was rendered and garnishment proceedings are pending, or the law of Nebraska where the judgment debtor resided, worked and regularly received his wages? Defendant, a non-resident of Missouri, cannot take advantage of the provisions of Section 525.-030 RSMo 1949, V.A.M.S. under which wages in excess of 10% of the amount due are exempt. Only residents of Missouri are entitled to the protection of the exemption laws of Missouri. Dinkins v. Crumden-Martin Woodenware Co., 99 Mo.App. 310, 73 S.W. 246; State ex rel. Barrett v. Bridges, Mo.App., 206 S.W. 598; Mignogna v. Chiaffarelli, 151 Mo.App. 359, 131 S.W. 769, loc. cit. 770. Nor can defendant *as a matter of right* avail himself here of the provisions of § 25–1558, Revised Statutes Nebraska, 1943, under which all wages to the extent of 90% of the amount due are exempt, because the laws of Nebraska have no extraterritorial effect. 35 C.J.S. Exemptions § 2, p. 9. Under the Missouri conflict of laws rule, however, as a voluntary act of courtesy and good will under the rule of comity, the courts of this state will recognize and enforce the exemption laws of a sister state where the general policy of the two states is the same. John H. Schroeder Wine & Liquor Co. v. Willis Coal & Mining Co., 179 Mo.App. 93, 161 S.W. 352. Both in Missouri[1] and in Nebraska[2] the wages of the head of a family

are exempt from garnishment to the extent of 90% thereof in executions upon judgments for child support. Accordingly, the circuit court properly found that defendant was entitled to a 90% exemption under the Nebraska statute[2] insofar as the provisions of the judgment relating to *child support* were concerned.

■ We have carefully considered plaintiff's earnest argument that exemption statutes are enacted primarily for the benefit and protection of the family;[3] that unless the contrary is clearly shown exemption statutes will not be construed to permit a father to shield himself against the claims of his child (the very person to whom he owes an obligation of support); that such construction would defeat the purpose of exemption statutes to the extent that it would result in failure to support families. The exemption statutes of Nebraska were thus construed in Winter v. Winter, 95 Neb. 335, 145 N.W. 709, 50 L.R.A.,N.S., 697, from which plaintiff's counsel vigorously argue that even under Nebraska law defendant should not be allowed to receive the benefit of any exemption under § 25–1558, supra, as the head of a family. This construction of the exemption statutes of Missouri was adopted in Spengler v. Kaufman, 46 Mo. App. 644. In Maag v. Williams, 92 Mo.App. 674, however, this court held that the head of a family was entitled to claim his wages exempt as against an execution issued to enforce a judgment for child support rendered in favor of the mother in her divorce suit. This court said that such judgment

"is like any other judgment; it established a legal liability, to accrue from month to month, and awarded execution for its collection, from time to time as the debt accrued. The statute of exemptions makes no exceptions

---

1. Section 525.030 RSMo 1949, V.A.M.S.; York v. York, Mo.App., 249 S.W.2d 870.

2. § 25–1558, R.S.Nebraska, 1943.

3. Plaintiff cites Payne v. Fraley, 165 Mo. 191, 65 S.W. 292; Schlaefer v. Schlaefer,

71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014 and annotation following in 130 A.L.R. 1028, to which may be added Pugh v. St. Louis Police Relief Ass'n, 237 Mo.App. 922, 179 S.W.2d 927, loc. cit. 935.

whatever in favor of such a judgment and its collection on execution must be enforced, if at all, like any other judgment." 92 Mo.App. loc. cit. 681.

The earlier case was repudiated in this language, 92 Mo.App. loc. cit. 680:

"The Spengler decision engrafts upon the statutes of exemptions an exception to the protection they were designed to secure to every head of a family, and is judicial legislation, and is opposed to the decision of the Supreme Court in the case of Biffle v. Pullam, 114 Mo. 50 [21 S.W. 450], wherein it was held that, 'A homestead was exempt from the levy of an ordinary execution issued on a judgment for alimony rendered in favor of the wife in a divorce suit in the same manner and to the same extent as in the case of execution on any other judgment.'"

Similar views were expressed in Jarboe v. Jarboe, 106 Mo.App. 459, 79 S.W. 1162. Thus the construction of exemption statutes adopted by the Nebraska court differs from the construction of exemption statutes adopted in the later Missouri decisions. The views stated in Maag v. Williams, supra, represent the public policy of Missouri in the construction of exemption statutes in the instant situation. The policy of Nebraska in this connection, as evidenced in Winter v. Winter, supra, is contrary to our policy and will not be enforced.

■ Another point of chief insistence by plaintiff is that the exception from exemption afforded by Section 452.140 RSMo 1949, V.A.M.S. extends to judgments for child support rendered in divorce cases. Section 452.140, supra, provides:

"No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether said wages are due from the garnishee to the defendant for the last thirty days' service or not."

Section 452.140, supra, first enacted as Laws 1903, p. 240, was an amendment to Chapter 51, R.S.Mo. 1899 relating to Married Women. Assigned section number 4327a it immediately followed § 4327, R.S.Mo., 1899, which is identical with present Section 452.130 RSMo 1949, V.A.M.S. (relating to separate maintenance). Plaintiff refers to Pickel v. Pickel, 243 Mo. 641, loc. cit. 662, 147 S.W. 1059, loc. cit. 1063, in which the Supreme Court, citing § 8296, R.S.Mo., 1909 (present Section 452.140, supra) stated that the laws of Missouri recognize a child's claims upon its father for support as of the most binding force "and for their payment no property of the husband is exempt." But the judgment to which the court in that case had reference, as frankly conceded by plaintiff's counsel, was a judgment not for child support in a divorce proceeding but in a proceeding instituted by a married woman for separate maintenance, which is one of the two proceedings specifically mentioned in said Section 452.140, supra. Plaintiff points out that in Mayes v. Mayes, 342 Mo. 401, loc. cit. 408, 409, 116 S.W.2d 1, loc. cit. 5, the Supreme Court said that the matter of collecting a judgment for child support in a divorce proceeding "must * * * be determined by the same rules that would govern if the judgment were one for alimony to the wife." This, however, was said by way of obiter and we do not regard this as a mandate requiring us to hold that Section 452.140, supra, includes judgments for child support in divorce proceedings. However salutary it might be to eliminate exemptions in the enforcement of judgments for the support and maintenance of children in divorce proceedings, we regard it as a matter for legislative and not judicial action. Considering its legislative history, the plain meaning and import of the language employed and the failure to refer therein to

proceedings or judgments for *child support,* we hold that Section 452.140, supra, does not extend to or include a proceeding instituted for divorce in which child support is adjudged.

■ Different considerations apply to the provisions of the judgment relating to *alimony.* Defendant was not entitled under the rule of comity to any exemption as to those provisions. Comity is never carried to the extent of enforcing a foreign law that is contrary to the policy, Carey v. Schmeltz, 221 Mo. 132, loc. cit. 136, 119 S.W. 946; 15 C.J.S. Conflict of Laws § 4c (4a), p. 853; 11 Am.Jur., Conflict of Laws, § 11, pp. 310–311, or the statute law, 15 C.J.S. Conflict of Laws § 4c (3), p. 853, of the state in which its enforcement is asked. The public policy of Missouri for more than 50 years, as embodied in Section 452.140, supra, is to allow no exemptions of wages in proceedings in garnishment in aid of execution of decrees for alimony. In this respect the laws of Missouri and Nebraska conflict, as a result of which the latter will not be enforced. Accordingly, the circuit court erred in finding that defendant was entitled to any exemption insofar as the provisions of the judgment relating to *alimony* were concerned.

■ Finally, plaintiff complains of the reception in evidence of an authenticated copy of an order of the District Court of Douglas County, Nebraska, dated May 10, 1955, in the case of Jack Ferneau, plaintiff, v. Armour and Company, defendant, on the ground that the judgment could not be conclusive on plaintiff because plaintiff was neither party nor privy thereto; that the order was made on an ex parte hearing, and was not final. The judgment recognized Ferneau's duty to the children of both marriages and declared that under the law of Nebraska the exemption statutes of that state remain in full force and effect until a court of equity has intervened. Although not binding and conclusive on plaintiff the exhibit was admissible in evidence as a means of informing the court of the Ne-

braska law of exemptions. See Section 490.090 RSMo 1949, V.A.M.S.

■ Prior to final submission of the cause on briefs garnishee filed here a verified motion under 42 V.A.M.S. Supreme Court Rule 1.22 for an allowance as garnishee of $450 for attorneys' fees and $105.-67 for printing its brief. A garnishee may claim an allowance for expenditures paid or incurred on appeal if the plaintiff in attachment fails to recover judgment against garnishee. Section 525.240 RSMo 1949, V.A.M.S.; Gabler v. Continental Casualty Company, Mo.App., 295 S.W.2d 194, and cases cited loc. cit. 198. But where garnishee contests the denial of garnishee's answer, claims exemptions for the debtor, and denies the jurisdiction of the court garnishee can no longer be classified as a mere stakeholder but becomes a litigant and, having lost, is not entitled to indemnity for attorneys' fees, costs and expenses. Tombs v. Moore, 64 Mo.App. 667; Simmons v. Missouri P. R. Co., 19 Mo.App. 542; Locke v. Woodman, 210 Mo.App. 90, 240 S.W. 498. "All the trouble and expense he suffered in this proceeding were due to his resistance of plaintiff's demand, and he and not plaintiff must bear the loss." Cope v. Shoemate, 139 Mo.App. 4, loc. cit. 8, 119 S.W. 503, 505.

The Commissioner therefore recommends that the motion for allowance to garnishee be denied; that the judgment of the circuit court be reversed and that the cause be remanded with directions to set aside the judgment of April 9, 1956 and to enter a new judgment as of that date consistent with the views expressed in this opinion.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The motion for allowance to garnishee is, accordingly, denied; the judgment of the circuit court is reversed and the cause remanded for further proceedings not incon-

sistent with the views expressed in the opinion of the court.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.